In re GEAUGA TRENCHING
CORP., Debtor.

Ronald LIPSHIE, Trustee for Geauga
Trenching Corp., Plaintiff,

v.

AM CABLE TV INDUSTRIES,
INC., Defendant.

Bankruptcy No. 883–31386–21.
Adv. No. 088–0067–21.

United States Bankruptcy Court,
E.D. New York.

Feb. 21, 1990.

E. Holtzman and B. Levantino, Hauppauge, N.Y., for defendant, AM Cable TV Industries, Inc. (AM Cable).

F. Scharf, New York City, for plaintiff, Ronald Lipshie, Trustee, for Geauga Trenching Corp. (Trustee).

FRANCIS G. CONRAD, Bankruptcy Judge.[*]

The Trustee sued AM Cable for breach of a Chapter 11 post-petition contract with Debtor. AM Cable moved[1] for an order dismissing the Trustee's complaint on grounds that: (a) we lack subject matter jurisdiction over this proceeding; (b) both the Bankruptcy Court and the U.S. District Court for the Eastern District of New York lack *in personam* jurisdiction over AM Cable; (c) improper venue; and, (d) further proceedings in the Bankruptcy Court will impinge on its Constitutional right to a jury trial.

We determine that: this proceeding is a core matter over which we have subject matter jurisdiction; we have *in personam* jurisdiction over AM Cable; and, proper venue of this proceeding is in the Bankruptcy Court for the Southern District of Florida. We defer the issue of a Bankruptcy Court's power to conduct a jury trial over a core matter to the Bankruptcy Court for the Southern District of Florida.

For purposes of this Memorandum of Decision, we pen only those averments and general background information necessary for an understanding of the proceeding. We make no findings about the correctness or incorrectness of the facts alleged by the parties.

Debtor filed for reorganization under Chapter 11 of Title 11, 11 U.S.C. §§ 101 *et seq.*, on or about July 15, 1983 in the Eastern District of New York and continued to operate as a debtor-in-possession, 11 U.S.C. §§ 1101, *et seq.*, until it was converted to a case under Chapter 7 on April 10, 1985.

The Trustee alleges Debtor is an Ohio corporation with its principal place of business being in the Eastern District of New York at the time it filed for Chapter 11 relief. AM Cable disputes the Trustee's averment that Debtor did business in New York. Rather, it claims Debtor did business in Massachusetts and Florida. AM Cable, in its answer, admitted it is a Delaware corporation with its principal place of business being in Pennsylvania at all times material to the matters herein.

The Trustee's claim hinges on an alleged oral agreement or representation, and partial performance, between Debtor and AM Cable for work on a cable television project in Vero Beach, Florida, in the Southern District of Florida. Both parties allege unhappiness about each other's performance in Vero Beach, and thus, this breach of contract adversary proceeding filed by the Trustee.

Of key importance to our decision is AM Cable's averment that it did not know Debtor was under Chapter 11 protection, and had it known this fact, it would not have negotiated with or hired Debtor. The Trustee, by affidavit, disputes AM Cable lacked knowledge of the bankruptcy.

In its answer, AM Cable raised eleven (11) affirmative defenses, paraphrased as follows:

1). Lack of subject matter jurisdiction;

2). Adjudication of this matter would deprive AM Cable of its right to a jury trial ss "guaranteed by the Seventh Amendment to the United States Constitution;"

3). Improper venue;

---

[*] Sitting by special designation.

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and the general reference to this Court, dated August 28, 1986. This is a core matter under 28 U.S.C. § 157(b)(2)(A). This

Memorandum of Decision constitutes conclusions of law under F.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

4). Lack of personal jurisdiction over the defendant because of our lack of subject matter jurisdiction;

5). Negotiations between it and Debtor concerning the Vero Beach project resulted in a March 5, 1984 written letter of intent that incorporated the parties agreed upon pricing schedule. AM Cable paid Debtor's requests for payments under the schedule between July, 1984 and August, 1984 and, under industry practice, retained ten (10%) percent of its payments pending Debtor's successful completion of the project. The amount of payments retained by AM Cable was less than the claims AM Cable was required to pay to others because of Debtor's deficient workmanship;

6). Debtor submitted accounts, invoices and/or requests for payments during July and August of 1984. AM Cable's payments to Debtor in response to Debtor's invoices constitutes "accord and satisfaction" of all of Debtor's claims against AM Cable. Debtor accepted AM Cable's payments without reservation;

7). After AM Cable made payments to Debtor, an "account was taken and stated" and AM Cable owes no further sums to Debtor;

8). Statute of limitations;

9). Statute of frauds;

10). Waiver, estoppel, laches or unclean hands; and,

11). Complaint fails to state a claim upon which relief may be granted.

In the event we determine that we have subject matter jurisdiction, AM Cable demands a trial by jury.

AM Cable filed a "Notice of Motion," and "Defendant's (AM Cable's) Memorandum of Law" together with supporting affidavits for its motion to dismiss this proceeding upon the following paraphrased grounds:

1). It "is a non-core matter in which a bankruptcy court may not enter a final judgment or render a final determination" because: it is a simple contract action that does not require application of and "bears no relationship" to federal bankruptcy law; or, it did not have knowledge that it had entered into a post-petition contract with a debtor-in-possession. AM Cable's "Notice of Motion," page 1; AM Cable's "Memorandum of Law," pages 4–18; "Affidavit of Thomas R. Ladd;" "Affidavit of Earl S. Punchard;"

2). Our adjudication "would impinge upon defendant's (AM Cable's) constitutional right to a jury trial of the (common law contract) issues," because it is jurisdictionally, at best, a "related to" matter. Without AM Cable's consent to our final disposition, it is subject to a District Court's *de novo* review that will render a jury verdict advisory. Moreover, a trial by us "impermissibly subjects the jury finding to reexamination." This result is "in contravention of the guarantees of the Seventh Amendment." AM Cable's "Notice of Motion," page 2; AM Cable's "Memorandum of Law," pages 18–21; and,

3). "{B}oth the Bankruptcy Court and the United States District Court for the Eastern District of New York lack *in personam* jurisdiction over the defendant" because: New York is not the proper venue under 28 U.S.C. § 1409(d) and 28 U.S.C. § 1391(a);[2]

---

**2.** 28 U.S.C. § 1391, *Venue generally,* provides:
 (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.
 (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the district where all defendants reside, or in which the claim arose, except as otherwise provided by law.
 (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.
 28 U.S.C. § 1391(c) was amended Nov. 19, 1988, P.L. 100–702, Title X, § 1013(a), 102 Stat.

proper venue may lie in Massachusetts, Pennsylvania or Florida where the parties were doing business and which provides the substantive law as the situs of the parties' contract; and, no business was transacted between AM Cable and Debtor in New York, nor does AM Cable have any significant contact with New York. AM Cable's "Notice of Motion," page 2; AM Cable's "Memorandum of Law," pages 23–29; "Affidavit of Joseph J. Cadile;" "Affidavit of Earl S. Punchard."

The Trustee countered with an "Affidavit in Opposition" from Debtor's contract liaison officer. In reference to venue and *in personam* jurisdiction, the affidavit stated that Debtor had maintained a business operation on a continuous basis in the Eastern District of New York. "Affidavit in Opposition," pp. 2–3. The affidavit further stated that aside from New York as the residence of Debtor's most important witnesses, most of the non-party witnesses on the underlying claims of performance, non-performance, defective workmanship, wrongful stop work, and supporting documentary evidence are situated in Florida. "Affidavit in Opposition," pp. 14–17; *see,* "Plaintiff's Memorandum of Law In Opposition to Defendant's Motion," pp. 11–14.

In his memorandum, the Trustee argues that AM Cable's knowledge of Debtor's bankruptcy status should not affect our determination that Debtor's post-petition activity with AM Cable is within our subject matter jurisdiction as a core matter under 28 U.S.C. § 157(b)(1).[3] "Plaintiff's

Memorandum of Law In Opposition to Defendant's Motion," pp. 15–22.

The Trustee consents to AM Cable's demand for a trial by jury in the event such consent is necessary to support our jurisdiction over the subject matter. "Plaintiff's Memorandum of Law In Opposition to Defendant's Motion," page 22.

As for AM Cable's objection to *in personam* jurisdiction, the Trustee points out that even if we were to find that we have "related to" jurisdiction, nationwide service of process was properly had over AM Cable. "Plaintiff's Memorandum of Law In Opposition to Defendant's Motion," page 23.

Lastly, the Trustee argues that in the event we determine AM Cable has met its burden of proof that the New York venue was improper, then the appropriate forum is Vero Beach, Florida, under 28 U.S.C. § 1391(c), because this is where the parties were to perform significant obligations under their oral contract. "Plaintiff's Memorandum of Law In Opposition to Defendant's Motion," pp. 23–26.

AM Cable filed its response and argued that despite the Trustee's consent to a trial by jury, *Grandfinanciera, S.A. v. Nordberg,* 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), requires this proceeding, with AM Cable's jury demand, be tried before an Article III Court. Moreover, the Trustee's breach of a post-petition contract action is not a core proceeding because it does not concern the administration of Debtor's bankruptcy estate or, at best, is a "related to" proceeding and must be decided by an Article III Court. "Defendant's

---

4669, effective 90 days after enactment, now provides:

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a state which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the

district within which it has the most significant contacts.

We apply the pre-amended version of § 1391(c) because this adversary proceeding commenced prior to the 1988 amendment's effective date.

3. 28 U.S.C. § 157(b)(1), *Procedures,* provides:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Reply Memorandum of Law In Support of Motion To Dismiss Adversary Proceeding," pp. 1–13.

AM Cable submitted reply affidavits to bolster its position that it had no knowledge of Debtor's bankruptcy status during the parties' contract negotiations and, had it known, it would not have engaged the Debtor as its sub-contractor. AM Cable counters the Trustee's position that Debtor maintained a "continuous" business presence in New York when Debtor's "Operating Statements" and "Statement of Financial Affairs for Debtor Engaged in Business," paragraph 1, represented its only place of business as Farmingham, Massachusetts.

This matter was taken under advisement after a telephonic hearing where the parties' waived a further evidentiary hearing on AM Cable's motion to dismiss and rested on their arguments and written submissions.

■ AM Cable seeks to dismiss the Trustee's complaint under Rules of Practice and Procedure in Bankruptcy Rule 7012(b)[4] for (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, and (3) improper venue. Although AM Cable has plead them as part of its affirmative defenses, it is not presently pursuing a ruling on the merits under F.R. Civ.P. Rule 12(c) "motion for judgment on the pleadings" or Rule 12(b)(6) dismissal for "failure to state a claim upon which relief can be granted." Rule 12(b)(1) judgments are not on the merits and are not given *res judicata* effect. *Exchange Na-*

*tional Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130–1131 (2d Cir.1976). Neither are Rule 12(b)(2) and (3) judgments on the merits.

■ We are entitled to review not only the pleadings but also matters outside the pleadings, such as affidavits, for competent evidence to resolve factual disputes about the existence of jurisdiction to hear an action. *See, Land v. Dollar,* 330 U.S. 731, 735, n. 4, 67 S.Ct. 1009, 1011, n. 4, 91 L.Ed 1209 (1947); *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986); 2A *Moore's Federal Practice,* paragraph 12.07[2.–1], at pp. 12–45–12–46 (2d Ed. 1989).

Although evidentiary matters outside the pleadings were submitted by both parties in the form of affidavits, this does not convert AM Cable's "Motion to Dismiss" into a motion for summary judgment under F.R.Civ.P. 56 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7056. A conversion to a Rule 56 motion is properly made under Rule 12(b)(6), failure to state a claim, not under Rule 12(b)(1), *Kamen, supra,* at 1011, and Rule 12(b)(2) or (3).

■ A Rule 12(b)(1) challenge to our subject matter jurisdiction does not place the burden of proof upon the movant. Rather, the burden remains upon the party asserting we have jurisdiction by a preponderance of the evidence. Additionally, a Bankruptcy Court has the independent responsibility to make a 28 U.S.C. § 157(b)(3)[5] determination that this proceeding is or is not

---

4. Rules of Practice and Procedure in Bankruptcy Rule 7012(b), *Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings,* provides in pertinent parts:

   *(b) APPLICABILITY OF RULE 12(b)-(h) F.R. Civ.P.* Rule 12(b)-(h) F.R.Civ.P. applies in adversary proceedings. A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.

1987 COMMITTEE NOTE
   The amendment to subdivision (b) requires a response to the allegation that the proceeding is core or non-core. A final order of judgment may not be entered in a non-core proceeding heard by a bankruptcy judge unless all parties expressly consent. 28 USC § 157(c).

5. 28 U.S.C. § 157(b)(3), *Procedures,* provides:

   (3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

a "core" matter or otherwise "related to" the pending Title 11 case.

AM Cable directs our attention to the United States Supreme Court's holding in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and later cases that warn of constitutional problems caused by

6. 28 U.S.C. §§ 1334(a) and (b), *Bankruptcy Cases and Proceedings,* provide:
(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. *Id.*

7. 28 U.S.C. § 157. *Procedures,* provides in part:
(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
(2) Core proceedings include, but are not limited to—
(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of liens;

Article I Courts overreaching their jurisdictional limitations.

28 U.S.C. § 1334 [6] and 28 U.S.C. § 157,[7] respectively define the source of our subject matter jurisdiction and authority. Four categories are provided by this jurisdictional scheme:

a) A case under Title 11;

(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
(O) other proceeding affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law....
(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.
(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

b) A civil proceeding arising under Title 11;

c) A civil proceeding arising in a case under Title 11; and

d) A civil proceeding related to a case under Title 11.

*Taxel v. Commercebank (In re World Financial Services Center, Inc.)*, 64 B.R. 980, 982, 14 BCD 1306, 15 CBC.2d 836, 838 (Bkrtcy.S.D.Cal.1986). *See, Allis–Chalmers Corp. v. Borg–Warner Acceptance Corp. (In re Dr. C. Huff Co., Inc.)*, 44 B.R. 129, 134, 11 CBC.2d 1039 (Bkrtcy.W.D.Ky.1984) (three classes of legal controversies: 1. core cases; 2. non-core related cases; and 3. non-core unrelated cases).

Under 28 U.S.C. § 157(a), the District Court may provide that any or all cases under Title 11 and any or all proceedings arising in or related to a case under Title 11 may be referred to Bankruptcy Judges for the district. Cases in this district come from the August 28, 1986 referral order entitled "In the Matter of The Referral of Matters to the Bankruptcy Judges."

28 U.S.C. §§ 157(c)(1) and (2) provide that a Bankruptcy Judge may hear non-core proceedings that are otherwise related to a case under Title 11, but may not enter a final order or judgment without the consent of the parties. Instead, the Bankruptcy Judge must submit proposed findings of fact and conclusions of law for the District Court's *de novo* review.

The distinction between core and non-core is important in at least one respect, that being a Bankruptcy Court's ability to enter a final order. In a core matter we may enter a final order, but in a non-core matter we may not unless the parties agree otherwise. The distinction, however, does not affect our ability to hear the matter. We have subject matter jurisdiction regardless of its core or non-core status. *See, In re WEFCO, Inc.*, 97 B.R. 749 (E.D.N.Y. 1989).

"Core" is not defined, nor is it limited to the fifteen nonexclusive categories contained in 28 U.S.C. § 157(b)(2). Some Courts have confined themselves to a narrow approach in ascertaining the scope of what matters may be core, while others have taken a more expansive approach. *See, Atlas Fire Apparatus, Inc. v. Beaver (In re Atlas Fire Apparatus, Inc.)*, 56 B.R. 927, 932, 13 BCD 1304, 14 CBC.2d 429 (Bkrtcy.E.D.N.C.1986) (listing of representative cases within the two camps).

The mere characterization of an adversary proceeding within the core terms of 28 U.S.C. §§ 157(b)(2)(A)-(O) will not be dispositive whether the proceeding is core. *Taxel v. Commercebank (In re World Financial Services Center, Inc.)*, *supra*, 64 B.R. at 986, 15 CBC.2d at 843. Moreover, just because the resolution of the Trustee's and AM Cable's action may turn on the application of State law, this will not, *ipso facto*, turn this adversary proceeding into non-core proceeding. 28 U.S.C. § 157(b)(3); *Mann v. Kreiss (In re Kreiss)*, 58 B.R. 999, 1004 (E.D.N.Y.1986); *In re Tom Carter Enterprises, Inc.*, 44 B.R. 605, 609 (C.D. Cal.1984).

We are ever mindful of *Marathon's* plurality holding and Article III proscriptions:

> {T}he 'adjunct' bankruptcy courts created by the Act [1978, 28 U.S.C. § 1471] exercise jurisdiction behind the facade of a grant to the district courts, and of exercising powers far greater than those lodged in the adjuncts approved in either *Crowell* [*Crowell v. Benson*, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932)] or *Raddatz* [*U.S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)].

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (brackets supplied for clarity). As one Court interpreted *Marathon:*

> {T}he constitutional ability of an adjunct bankruptcy court to determine state law issues is to be determined by the nature and extent of control by Article III courts and whether there is a nexus between the proceeding involving a state law cause of action and the bankruptcy estate.

*Lessor v. A–Z Associates (In re Lion Capital Group)*, 46 B.R. 850, 856, 12 BCD 840, 12 CBC.2d 59 (Bkrtcy.S.D.N.Y.1985), *aff'd*, 63 B.R. 199 (S.D.N.Y.1986). *See also, Salomon v. Kaiser (In re Kaiser)*, 722 F.2d

1574, 1582 (2d Cir.1983); *Mann v. Kreiss (In re Kreiss)*, 58 B.R. 999, 1004 (E.D.N.Y. 1986); *In re Satelco*, 58 B.R. 781, 786, 14 CBC.2d 487 (Bkrtcy.N.D.Tex.1986).

> *Marathon* only invalidated the jurisdiction of the bankruptcy court to make final determinations in matters that could have been brought in a district court or a state court (i.e., 'related proceedings').... {I}n no way did *Marathon* implicate the jurisdiction of the bankruptcy courts in other matters within the 'traditional' bankruptcy jurisdiction. The Court's invalidation of the jurisdictional grant was on separability grounds, not on the grounds that bankruptcy courts could not adjudicate traditional bankruptcy matters.

*Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1580 (2d Cir.1983) (citation and footnote omitted).

■ In this proceeding, it is undisputed that Debtor, in its capacity as a Chapter 11 debtor-in-possession, entered post-petition into some kind of contract with AM Cable for the installation of underground cable in Vero Beach, Florida. The Trustee's action centers around this post-petition contract. This, without more, is a core proceeding because it arises in a Title 11 case. *Ben Cooper, Inc. v. The Insurance Company of the State of Pennsylvania (In re Ben Cooper)*, 896 F.2d 1394 (2d Cir.1990). We believe that a post-petition contract does not raise the *Marathon* issue. The State law claim in *Marathon* was based on "a right independent of and *antecedent* to the reorganization petition that conferred jurisdiction upon the bankruptcy court." *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., supra*, 458 U.S. at 84, 102 S.Ct. at 2878 (emphasis added). As a commentator has said on an analogous issue:

> A conflict exists in cases decided under the 1984 legislation with respect to whether an action brought on a postpetition account receivable is a related or 'core' matter. The better result is that the proceeding is core; such a cause of action 'arises in' the title 11 case, and was not owned by the debtor at the time the title 11 case was commenced.

1 *Collier on Bankruptcy*, paragraph 3.01[iv], page 3–50 (15th Ed.1989) (footnotes omitted).

AM Cable's only defense to our determination that this is a core proceeding appears to be that it did not consent to, or that it would be unfair to find that it had implicitly consented to, our core jurisdiction because it did not know of and was not informed of Debtor's status as a debtor-in-possession. Compare, *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.), infra*, 815 F.2d at 170 ("Parties who contract with a bankrupt company's trustee or with a debtor-in-possession know that they are dealing with an agent responsible to a bankruptcy court; that the bankruptcy court would resolve subsequent disputes should therefore come as no surprise."); *Edgcomb Metals Co. v. Eastmet Corp.*, 89 B.R. 546, 550–52 (D.Md.1988) (alternate ground that a party who knows it is contracting with a debtor-in-possession has deemed to consented impliedly to the Bankruptcy Court's jurisdiction); *Canadian Shield Financial Corp. Ltd. v. Estate of Deutscher (In re Vincent)*, 68 B.R. 865, 867 (Bkrtcy.M.D.Tenn.1987) ("Those who deal with the debtor in its capacity as the debtor or debtor-in-possession have impliedly consented to have their claims tried by the bankruptcy court....").

Both parties have submitted affidavits to support their positions about AM Cable's knowledge of Debtor's bankruptcy. If the affidavits had been presented in the context of a Rule 12(b)(6) motion seeking summary judgment, we would have denied it because the evidence of AM Cable's knowledge is, at best, inclusive, and at worst, contradicted. Nor do we believe such knowledge or consent is required to sustain our ruling.

At first blush, it may appear to be "unfair" to hold a party "ignorant" of the other party's bankruptcy status as within our core subject matter jurisdiction; however, the lack of express or implied consent or knowledge on the part of the non-debtor party to a contract does not diminish the debtor-in-possession's capacity to bind the

non-party to a contract. Nor does the non-debtor party's lack of knowledge alter the debtor-in-possession's bankruptcy status. AM Cable's argument that we should be deprived of jurisdiction because it did not know about the bankruptcy is analogous to a criminal saying, after the fact, that he would not have committed a crime if he had known it was subject to one jurisdiction as opposed to another. Our jurisdiction should not be dependent on what somewhat thought it was when they were transacting business. To determine otherwise would hold every post-petition contract hostage to this defense at the whim of a disgruntled party.

Our holding is clearly with the majority of Courts that have held a party's post-petition contract dispute with a debtor-in-possession is a core matter under 28 U.S.C. §§ 157(b)(2)(A) "matters concerning the administration of the estate," (b)(2)(E) "orders to turn over property of the estate," or, (b)(2)(0) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor creditor...." *Ben Cooper, Inc. v. The Insurance Company of the State of Pennsylvania (In re Ben Cooper), supra,* 896 F.2d 1394 (held post-petition contract is core; rejects *In re Castlerock Properties,* 781 F.2d 159 (9th Cir.1986) and *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987)). See, e.g., *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.),* 815 F.2d 165, 168 (1st Cir. 1987) (DIP's post-petition action to collect a post-petition account receivable was a core matter); *Pester Refining Co. v. Mapco Gas Products, Inc. (In Matter of Pester Refining Co.),* 66 B.R. 801, 817–18 (Bkrtcy. S.D.Iowa 1986) (conversion claim brought by estate against a pre-petition creditor who converted property of the estate post-petition was core), *aff'd, Matter of Pester Refining Co.,* 85 B.R. 520 (S.D.Iowa 1987), *aff'd in part and rev'd in part on other grounds,* 845 F.2d 1476 (8th Cir.1988); *Edgcomb Metals Co. v. Eastmet Corp., supra,* 89 B.R. at 554 (held buyer who knowingly contracts with a DIP is deemed to have consented to Bankruptcy Court's jurisdiction, and a suit on a post-petition contract with DIP is a core matter); *Hersh-*

*man v. Thorne, Grodnik & Ransel (In Matter of Stockert Flying Service, Inc.),* 74 B.R. 704, 708 (N.D.Ind.1987) (creditor's claim against debtor's attorney for mishandling debtor's estate assets was a core matter). See, *Associated Grocers of Colorado, Inc. v. Tempora Corp. (In re Associated Grocers of Colorado, Inc.),* 97 B.R. 39, 41 (Bkrtcy.D.Colo.1989) (post-petition accounts receivable action was core); *Bass v. Millican (In re Telamarketing Communications),* 95 B.R. 794 (Bkrtcy.D.Colo. 1989) (debtor's damage action which arose out of a post-petition contract for the sale of assets was core); *In re Standard Metals Corp.,* 97 B.R. 593, 596 (Bkrtcy.D.Colo. 1988) (post-petition contract dispute over sale of major asset to fund debtor's reorganization was core); *Meininger v. Swasey (In re Sarasota Casual, Inc.),* 90 B.R. 496, 498 (Bkrtcy.M.D.Fla.1988) (trustee's action for breach of post-petition contract was core); *Germain v. Connecticut National Bank (In Matter of O'Sullivan's Fuel Oil Co., Inc.),* 88 B.R. 17, 20 (D.Conn.1988) (Chapter 7 trustee's action against a bank under causes of action that occurred predominately post-petition was core); *J.B. Van Sciver Co. v. William Cooper Associates, Inc. (In re J.B. Van Sciver Co.),* 73 B.R. 838, 844, 16 CBC.2d 1179 (Bkrtcy.E.D. Pa.1987) (action for breach of Court approved post-petition real estate sales agreement was core); *Canadian Shield Financial Corp. Ltd. v. Estate of Deutscher (In re Vincent), supra,* 68 B.R. at 869 (State law claims against officer created by plan of reorganization was core); *National Equipment & Mold Corp. v. Capital, Inc. (In re National Equipment & Mold Corp.),* 71 B.R. 24, 27 (Bkrtcy.N.D.Ohio 1986) (Chapter 7 trustee's assumption of an action previously brought by the DIP on a post-petition claim to recover funds placed in escrow as part of a contemplated loan under reorganization that did not materialize was core); *Gray Line of Boston, Inc. v. Sheraton Boston Corp. (In re Gray Line of Boston, Inc.),* 62 B.R. 811, 813 (Bkrtcy. D.Mass.1986) (dispute over terms of a Court ordered stipulation on a post-petition lease agreement was core). *But see, Kolinsky v. Russ (In re Kolinsky),* 100 B.R.

695, 702, 19 BCD 686 (Bkrtcy.S.D.N.Y. 1989) (action to rescind a post-petition contract for sale of real property by non-debtor corporation wholly owed by debtor was not a core proceeding but was "related to" and within the Court's jurisdiction).

None of the cases that hold post-petition conduct is core explicitly discuss the knowledge or lack of knowledge on the part of the party who argued the proceeding was non-core in nature. Our holding appears to be one of the first of this order. Our holding is limited to the facts of this adversary proceeding and the parties who have established a direct relationship with Debtor during the pendency of the bankruptcy proceedings. We do not agree or disagree with those cases that have held noncreditor or peripheral party action post-petition is core. *See, e.g., Umbreit v. Stump, Harvey & Cook, Inc. (In re Baltimore Motor Coach Co.)*, 103 B.R. 103 (D.Md.1989) (The proper forum against a noncreditor tortfeasor for post-petition tortious injury during the pendency of a former Chapter 11 reorganization case is in the Bankruptcy Court and the matter is core.); *Strayer v. Thompson (In Matter of Farquhar)*, 96 B.R. 945, 950–51 (Bkrtcy.W.D.Mo.1988) (post-petition contract over promise to pay debtor's attorney fees between successor and predecessor attorney for Chapter 12 debtor was core).

AM Cable has also moved under Rule 12(b)(2). A Rule 12(b)(2) dismissal motion for lack of personal jurisdiction places the ultimate burden on the party asserting jurisdiction. The Second Circuit requires that until we hold an evidentiary hearing on a Rule 12(b)(2) motion, the plaintiff "need make only a *prima facie* showing by its pleadings and affidavits that [personal] jurisdiction [over the defendant] exists." *Cutco Industries v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) (brackets added); *Marine*

*Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981).

■ If the motion is on written submission, then all of the allegations of jurisdictional facts are presumed to be true. Factual disputes and doubts are to be resolved in favor of the party asserting personal jurisdiction. *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985); 2A *Moore's Federal Practice*, paragraph 12.07[2.–2], p. 12–55, at 12–56 (2d Ed.1989). If oral evidence is taken in addition to the written submission, the party asserting jurisdiction must establish personal jurisdiction by a preponderance of the evidence.

> If the court chooses not to conduct a full-blown evidentiary hearing on the motion [to dismiss for lack of personal jurisdiction], the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials. *Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial.* But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion.

*Marine Midland Bank, N.A. v. Miller, supra*, 664 F.2d at 904 (emphasis and brackets supplied). *Accord, Cutco Industries v. Naughton, supra*, 806 F.2d at 365.

In the instant proceeding, the parties waived a full-blown evidentiary pre-trial hearing on the issue of personal jurisdiction and, instead, chose to rely on their written submissions, pleadings, and affidavits. Thus, we test the Trustee's claim of personal jurisdiction over AM Cable by the *prima facie* standard.

■ AM Cable argues we should apply a State law "minimum contact" test under the second paragraph of F.R.Civ.P. Rule 4(e),[8] much as a District Court would if

---

8. F.R.Civ.P.Rule 4(e) provides:

*(e) Summons: Service Upon Party Not Inhabitant of or Found Within State.* When ever a statute of the United States or an order of court thereunder provides for service of summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is

sitting on a diversity action. Using a State law minimum contact test, AM Cable asserts Trustee has failed to meet the requirements of New York's "long arm" statute,[9] which permits a New York Court to exercise personal jurisdiction over a nondomiciliary where the cause of action arises from certain specific acts. Alternatively, AM Cable cites Civil Practice Law and Rules of New York § 301 which provides: "[a] court may exercise jurisdiction over persons, property or status as might have been exercised heretofore." AM Cable argues that before a New York Court would assert *in personam* jurisdiction over a nonresident foreign corporation it would have to be satisfied the corporation "systematically and regularly carried on business activities within New York." AM Cable concludes the Trustee's complaint must be dismissed under Rule 7012(b) because AM Cable does not systematically and regularly carry on business activities in New York.

AM Cable's arguments fail because it overlooks the presence of a "Federal Question." The presence of a Federal Question requires that we apply a Federal "minimum contact" test rather than a State "minimum contact" test. Title 11 provides us with the Federal question. *See, Mariash v. Morrill,* 496 F.2d 1138, 1143 (2d Cir.1974) (Where defendants reside within the territorial boundaries of the United States, "minimum contacts" required to justify jurisdiction are present, subject of course to the constraints of the Fifth Amendment. Stating also that Congressional power to authorize nationwide service of process in cases involving the enforcement of Federal law is beyond question.) *But see, Cannon v. Gardner–Martin Asphalt Corp. Retirement Trust Profit Sharing Plan,* 699 F.Supp. 265, 267–68 (M.D.Fla.1988) (in Federal Question case in which nonresident defendant is served by nationwide service of process, Fifth Amendment due process "minimum contacts" analysis requires that contacts with State in which Federal Court sits must also be considered).

Assuming *arguendo* the Trustee's proceeding against AM Cable is merely a "related to" proceeding, we would still reject AM Cable's inclusion of a requirement that it be amenable to process under a State law "minimum contact" test. Although such a test may be appropriate in a diversity action, a "related to" matter is ancillary to the underlying Federal question of the bankruptcy action. Thus, we still have the presence of a Federal Question and a Federal "minimum contact" rule applies. *Chemical Bank v. Grisby's World of Carpet, Inc. (In re WWG Industries, Inc.),* 44

---

held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to such a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

**9.** Civil Practice Law and Rules of New York § 302, *Personal jurisdiction by acts of non-domiciliaries,* provides in part:

*(a) Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the -state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possess any real property situated within the state.

*(c) Effect of appearance.* Where personal jurisdiction is based upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section.

B.R. 287, 290, 12 BCD 752, 12 CBC.2d 282 (N.D.Ga.1984); *Stewart v. Strasburger (In re Astrocade, Inc.),* 79 B.R. 983, 984–85 (Bkrtcy.S.D.Ohio 1987); 1 *Norton Bankr. L. & Prac.,* § 5.34, p. 183, at 184 (1989). Accordingly, we are dealing with the first sentence of F.R.Civ.P. Rule 4(e) which renders the second sentence of F.R.Civ.P. Rule 4(e) inapplicable and the State "minimum contact" test irrelevant.

We reject AM Cable's objection that we lack personal jurisdiction over this Federal Question matter because once it has been shown a defendant has been properly served under Rule 7004 and that a defendant resides within the United States, we may exercise *in personam* jurisdiction over that defendant. *See, Nordberg v. Granfinanciera (In re Chase & Sanborn Corp.),* 835 F.2d 1341, 1344 (11th Cir.1988), *rev'd and remanded on other grounds, Grandfinanciera, S.A. v. Nordberg,* 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Teitelbaum v. Choquette & Co., Inc. (In re Outlet Department Stores, Inc.),* 82 B.R. 694, 699 (Bkrtcy.S.D.N.Y.1988).

AM Cable does not dispute service was effected precisely as mandated under Rules of Practice and Procedure in Bankruptcy Rule 7004,[10] which authorizes nationwide service of process by first class mail. With AM Cable's concession that it was properly served under Rule 7004 service of process, and the presence of a Federal Question, we hold that the Trustee has met its *prima facie* burden under Rule 12(b)(2).

As its third procedural ground, AM Cable moves for a change of venue. The subject of proper venue of adversary proceedings in bankruptcy is complex and confusing. This fluster is needless and consumes inordinate Court time. The responsibility to redress it falls squarely on Congress. *See, The Federal Court Study Committee Report,* December 22, 1989, p. 71. We start with the issue of who has the burden in a venue motion.

■ The burden of establishing proper grounds of mandatory dismissal or transfer for improper venue purposes under Rule 12(b)(3) falls upon the movant:

A plaintiff instituting an action in a district court must allege the basis of federal jurisdiction in his complaint; and if this is controverted, has the burden of establishing his allegations. This matter is quite different as to venue. Plaintiff is not required to include in his complaint an allegation showing proper venue.

---

10. Rules of Practice and Procedure in Bankruptcy Rule 7004, *Process; Service of Summons, Complaint,* provides in pertinent parts:

*(a) SUMMONS; SERVICE; PROOF OF SERVICE.* Rule 4(a), (b), (c)(2)(C)(i), (d), (e) and (g)-(j) F.R.Civ.P. applies in adversary proceedings. Personal service pursuant to Rule 4(d) F.R.Civ.P. may be made by any person not less than 18 years of age who is not a party and the summons may be delivered by the clerk to any such person.

*(b) SERVICE BY FIRST CLASS MAIL.* In addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought against such defendant in the court of general jurisdiction of that state.

(8) Upon any defendant, it is also sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process, at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

*(d) NATIONWIDE SERVICE OF PROCESS.* The summons and complaint and all other process except a subpoena may be served anywhere in the United States.

Venue, unlike jurisdiction, involves a privilege personal to one defending a claim; and is waived unless timely objection is made. If the matter is properly raised who has the burden of establishing that venue is proper? Improper venue is an affirmative dilatory defense, and authority supporting this position places the burden of establishing improper venue upon the defendant. There is, however, authority that once the defendant has properly challenged venue, the burden of establishing proper venue is upon the plaintiff. This result is often reached without distinguishing between jurisdiction and venue. With deference, we suggest that this latter line of authority is unsound, except in limited situations. The Rules, as we have seen, treat improper venue as an affirmative dilato-ry defense; and, to our mind, properly so, as a general proposition. Normally, it is not too much to require one who would abate an action because of a privilege personal to himself to establish his privilege.

1A *Moore's Federal Practice*, paragraph 0.340[1.–4], page 4019, at 4020–4021 (2d Ed.1989) (footnotes omitted); *see*, 2A *Moore's Federal Practice*, paragraph 12.-07[2.–3], p. 12–60, at 12–61 (2d Ed.1989). *See, Gulf States Exploration Co. v. Manville Forest Products Corp.)*, 896 F.2d 1384 (2d Cir.1990) (Burden is on movant by preponderance to sustain a change of venue under 28 U.S.C. § 1412.).

Of the four separate venue provisions that affect Title 11, namely, 28 U.S.C. § 1408,[11] 28 U.S.C. § 1410,[12] 28 U.S.C.

---

**11.** 28 U.S.C. § 1408, *Venue of cases under title 11,* provides:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, or such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

Rules of Practice and Procedure in Bankruptcy Rule 1014, *Dismissal and Change of Venue,* provides:

*(a) DISMISSAL AND TRANSFER OF CASES.*

*(1) Cases Filed in Proper District.* If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

*(2) Cases Filed in Improper District.* If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

*(b) PROCEDURE WHEN PETITIONS INVOLVING THE SAME DEBTOR OR RELATED DEBTORS ARE FILED IN DIFFERENT COURTS.* If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the first petition is filed and after hearing on notice to the petitioners and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the first petition is filed, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

1987 COMMITTEE NOTE

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

**12.** See note 12 on page 651.

§ 1409, and, 28 U.S.C. § 1412, we concern ourselves with mandatory transfer of civil proceedings because venue is alleged by AM Cable to be improper in our district under § 1409; and with discretionary transfer of venue because it is alleged the proceeding's venue may be properly laid in our district but ought to be transferred to another district under § 1412.

28 U.S.C. § 1409, *Venue of proceedings arising under title 11 or arising in or related to cases under title 11*, provides in pertinent parts:

(a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of a property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

.    .    .    .    .

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions,

The last sentence of the rule has been deleted as unnecessary.
28 U.S.C. § 1408 and Rule 1014 do not apply here because that section and rule affects only bankruptcy cases and not proceedings within bankruptcy cases.

**12.** 28 U.S.C. § 1410, *Venue of cases ancillary to foreign proceedings*, provides:

(a) A case under section 304 of title 11 to enjoin the commencement or continuation of an action or proceeding in a State or Federal court, or the enforcement of a judgment, may commence only in the district where the State or Federal court sits in which is pending the action or proceeding against which the injunction is sought.

an action on such claim may have been brought.

Collier sums the legislative purpose of § 1409(d):

The legislative purpose which underlies section 1409(d), as was the case with superseded, almost identical 28 U.S.C. § 1473(d), is that it is intended to limit:

'the trustee's ability to commence a proceeding in the "home court" if the proceeding commenced is based on a claim arising out of the operation of the debtor's business after the commencement of the case.

'The trustee may commence such a proceeding only in the district in which the debtor could have commenced it under applicable nonbankruptcy venue provisions.' (H.Rep. No. 595, 95th Cong., 1st Sess. 447 (1977) U.S.Code Cong. & Admin.News 1978, p. 6402).

The same thought appears in the Senate Report which states:

'Subsection (d) relates to claims in favor of the debtor arising out of the operation of the debtor's business after the commencement of the case. The trustee may commence a proceeding on such claim only in the judicial district in which the debtor could have sued on the claim in the absence of bankruptcy.' (S.Rep. No. 989, 95th Cong., 2d Sess. 156 (1978) U.S.Code Cong. & Admin.News 1978, p. 5942).

1 *Collier on Bankruptcy*, paragraph 3.02[c], at pp. 3–141–3–142 (15th Ed.1989)

(b) A case under section 304 of title 11 to enjoin the enforcement of a lien against a property, or to require the turnover of property of an estate, may be commenced only in the district court for the district in which such property is found.
(c) A case under section 304 of title 11, other than a case specified in subsection (a) or (b) of this section, may be commenced only in the district court for the district in which is located the principal place of business in the United States, or the principal assets in the United States, of the estate that is the subject of such case.
28 U.S.C. § 1410 obviously does not apply to bankruptcy proceedings, rather it applies to 11 U.S.C. § 304 actions.

(parentheticals supplied; footnotes omitted).

Not only is the debtor getting a fresh financial start with the filing of its bankruptcy petition, but clearly Congress, by enacting § 1409, recognized that because the trustee is suing upon a cause of action that is peripherally derivative of the debtor, diversity jurisdiction depends on the relationship of the trustee and the defendant. Thus, no post-petition defendant is put on an unequal footing because of the bankruptcy filing. Rather, the debtor or its trustee, as appropriate, loses its unfettered choice and is treated as an ordinary citizen for venue purposes.

In *Hillblom v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.),* 61 B.R. 758, 15 BCD 510 (S.D.Tex.1986), the District Court distinguished § 1409(a) from § 1409(d):

> In carrying on its business **after** the filing of bankruptcy, the presumption in favor of venue in the home bankruptcy court dissipates, and the debtor is exposed to liability in any court where the controversy might be heard as if the debtor were an ordinary citizen.

*Id.,* 61 B.R. at 770 (footnote omitted, emphasis in original). *See, Appel v. Gable (In re B & L Oil Company),* 834 F.2d 156, 158–59, n. 8, 17 CBC.2d 900 (10th Cir.1987) (same effect under § 1473(d)). The *Continental* Court found that all the operative significant events occurred post-petition and held that Continental's post-petition § 542 turnover action was governed by § 1409(d) and that § 1391(b) [13] was the applicable nonbankruptcy venue law. The *Continental* Court applied § 1391(b) because Continental's action was not based solely on diversity and because a Federal question was present. Thus, under

§ 1391(b), proper venue was where all of the defendants resided or where the claim arose. *Id.,* 61 B.R. at 770–73. But where the action involves a mix of pre-petition and post-petition claims, Courts have held that when the pre-petition claims dominate, venue is proper where the bankruptcy case is pending. *See, Cotton v. Shirah (In re All American of Ashburn, Inc.),* 49 B.R. 926, 928, 13 BCD 93 (Bkrtcy.N.D.Ga.1985).

With the initial § 1409(d) venue provision being easily satisfied by the Trustee, the remaining venue question to be decided by us pertains to what are the applicable nonbankruptcy venue provisions which control this adversary proceeding.

The "applicable nonbankruptcy venue provisions" are 28 U.S.C. §§ 1332 [14] and 1391. [15] Both sections require diversity of citizenship and a minimum amount in controversy. The elements of diversity and amount in controversy are satisfied in this adversary proceeding. Debtor is a resident of New York and AM Cable is a resident of Pennsylvania. The damages alleged exceed $10,000. Thus, § 1332(a) is satisfied, but § 1391(a) is not. § 1391(a) requires that jurisdiction be founded *only* on diversity of citizenship. When jurisdiction is not founded solely on diversity of citizenship, then the action may be brought *only* in the district where all defendants reside or in which the claim arose, except as otherwise provided by law. 28 U.S.C. § 1391(b).

■ This adversary proceeding is a core matter which arises under Title 11. By arising under Title 11, it involves a Federal Question. By the presence of a Federal Question and complete diversity, the proper nonbankruptcy venue provision is § 1391(b). Thus, proper venue is either in

---

**13.** *See* footnote 2, *supra.*

**14.** Former 28 U.S.C. § 1332, *Diversity of citizenship; amount in controversy; costs,* in effect when this adversary proceeding began, provides in pertinent parts:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,-000, exclusive of interest and costs, and is between—

(1) Citizens of different states;

. . . . .

(c) For the purposes of this section. . . .

a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .

The November 19, 1988 amendments to § 1332 would not change the outcome of our decision.

**15.** *See,* footnote 2, *supra.*

Pennsylvania, AM Cable's residence, or in Florida, where the claim arose.

Section 1391(b) provides a choice of venue that is either the place where all the defendants reside or where the claim arose. If § 1391(b) provides a choice to a plaintiff it only seems logical that in a venue dispute placed before a Federal Court we have the discretion to choose either of the venues provided by the section. Both parties are in agreement that if venue is not proper in New York then venue would be appropriate in Florida, the site of the parties' performance. In the exercise of the discretion granted to us only under § 1391(b), we will order this adversary proceeding transferred to the Bankruptcy Court for the Southern District of Florida.

Alternatively, we exercise our discretion to transfer this proceeding to Florida under 28 U.S.C. § 1412.

28 U.S.C. § 1412, *Change of venue*, provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1475,[16] under the Bankruptcy Reform Act of 1978, § 1412's predecessor, expressly provided that a Bankruptcy Court may transfer venue to another Bankruptcy Court, whereas § 1412 omits reference to the Bankruptcy Court and now provides that a District Court may transfer a case or proceeding to another District Court.

■ Section 1412's use of "district court" has been held to incorporate the Bankruptcy Court through the general order of reference from the District Court and because a change of venue determination is considered to be a core matter. *See, United States Aviex Co., Inc. v. Aviex International, Inc. (In re United States*

*Aviex Co., Inc.)*, 96 B.R. 874, 882, 20 CBC.2d 667 (N.D.Ind.1989); *In re Toxic Control Technologies, Inc.*, 84 B.R. 140, 142–43 (Bkrtcy.N.D.Ind.1988); *In re Retirement Inn at Forest Lane, Ltd.*, 83 B.R. 795, 798–99, 18 CBC.2d 796 (D.Utah 1988) (adopting a middle ground approach and requiring that the Bankruptcy Court hear the venue motion and then make a report and recommendation to the District Court); *Burlingame v. Whilden (In Matter of Whilden)*, 67 B.R. 40, 42, 15 BCD 226 (Bkrtcy.M.D.Fla.1986) (motion to change venue in a core proceeding); *McLemore v. Thomasson (In re Thomasson)*, 60 B.R. 629, 631–32, 14 CBC.2d 1155 (Bkrtcy.M.D. Tenn.1986); 1 *Norton Bankr. L. & Prac.* § 5.10, at pp. 65–66 (1987). *But see, Moody v. Empire Life Ins. Co. (In re Moody)*, 46 B.R. 231, 234, 12 CBC.2d 479 (M.D.N.C.1985) (assuming without discussion that only the District Court may order a change of venue under § 1412 revision); *Armstrong v. Rainier Financial Services Co. (In re Greiner)*, 45 B.R. 715, 716, 12 BCD 820, 12 CBC.2d 363 (Bkrtcy.N.D.1985) (Bankruptcy Court cannot hear venue motions. Its only alternative under new § 1412 is to dismiss the case if venue is improper.). Venue is not jurisdiction. Thus, a motion to change venue is not one of those motions that adjudicates a right that may be heard only by an Article III Judge. Accordingly, we hold that a venue motion is a core matter and that we have the authority to determine discretionary transfer of venue motions despite the omission of the Bankruptcy Court from § 1412.

At least one Court has interpreted the absence of the language of "related to such a case" by the change from former § 1475 to present § 1412 as indicative of Congress' intention that change of venue for "related to" actions are now governed by § 1404.[17] *Goldberg Holding Corp. v. Nep Productions, Inc.*, 93 B.R. 33, 34 (S.D.N.Y.1988).

---

**16.** Former 28 U.S.C. § 1475 provided:

> A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

**17.** 28 U.S.C. § 1404, *Change of venue*, provides in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

We need not reach this issue, however, because we determine this proceeding is core.

Rules of Practice and Procedure in Bankruptcy Rule 7087, *Transfer of Adversary Proceeding*, provides:

On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 USC § 1412, except as provided in Rule 7019(2).

A § 1412 and Rule 7087 transfer of venue is discretionary and the movant must meet its burden by a preponderance of the evidence. A mere shift of inconvenience from one party to another will not suffice for a § 1412 change of venue. *De Rosa v. C.P.P. Corp. (In re Legend Industries, Inc.)*, 49 B.R. 935, 938, 12 CBC.2d 1216 (Bkrtcy.E.D.N.Y.1985), *citing In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bkrtcy.D. Utah 1980).

There are differences between the discretionary change of venue in the Bankruptcy Court under § 1412 and the District Court under § 1404. For example, the express grounds for change of venue under § 1412 are disjunctive, *i.e.*, "interest of justice or convenience of the parties," *In re Toxic Control Technologies, Inc.*, *supra*, 84 B.R. at 143, while the District Court's § 1404 grounds are conjunctive, i.e., "convenience of parties and witnesses, in the interest of justice...." The convenience of witnesses is not an expressed element for discretionary change of venue in the Bankruptcy Court under § 1412 as it is under the District Court's § 1404. Lastly, movants for change of venue in the District Court under 28 U.S.C. § 1404 have the higher burden of proving their motion by clear and convincing evidence. *Noreiga v. Lever Bros. Co., Inc.*, 671 F.Supp. 991, 996 (S.D.N.Y.1987), citing, *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 759 (S.D.N.Y.1980).

Although § 1412 expressly limits the grounds for change of venue in the Bankruptcy Court as "interest of justice or convenience of the parties," we believe a proper exercise of our discretion requires that we examine a number of factors, including:

1) Convenience of the parties.

2) Interest of justice.

3) Plaintiff's choice of forum.

4) Enforceability of judgment.

5) Ability to receive a fair and speedy trial.

6) The proximity of assets, creditor, debtor, respective principals, evidence, and witnesses to the venue of the home Court and the Court for the proposed venue.

7) The willingness or abilities of parties, debtor and creditors alike, to participate in the adversary proceedings, *vis a vis* one venue over another.

8) The economical and efficient administration of the estate.

9) The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining their attendance.

10) The applicability of State law to the adversary proceedings.

11) A local interest in having localized controversy decided at home.

*Compare, In re Toxic Control Technologies, Inc.*, *supra*, 84 B.R. 140 and *In re Waits*, 70 B.R. 591 (Bkrtcy.S.D.N.Y.1987).

The parties' dispute centers on breach of an alleged oral contract or arrangement with significant performance by both parties. The situs of the parties' dispute is Florida. In Florida, the parties engaged in significant negotiations and rendered major performances of their respective obligations. Florida State law applies to the parties' dispute.

The law of New York does not apply and, other than the fact that Debtor's bankruptcy is in New York, there does not appear to be any localized need for this dispute to be resolved in New York.

There is no evidence that Debtor's estate will suffer more or less cost or inefficiency in the administration of its estate from the proceeding being in either forum. There is no evidence to suggest that either New York or Florida would better aid in the administration of Debtor's estate.

The Trustee obviously prefers to try this proceeding in New York. Although the

Trustee resides in New York, he concedes that in the event venue must be changed, he will not object to the venue being changed to Florida. AM Cable likewise expresses no objection to the venue of this proceeding being changed to Florida.

The principals of the Debtor and AM Cable appear to reside in Massachusetts and Pennsylvania, respectively. AM Cable appears to engage in business throughout the United States. There is no evidence of inconvenience for the principals of either party to engage in trial in either Florida or New York.

AM Cable's field office, project manager, and clerical employees were in Florida at the time of the parties' project; however, we do not know of their present whereabouts. Although Debtor states that some of the important non-party witnesses reside in New York, we give greater weight to Florida as having the bulk of the non-party witnesses with important testimony to provide on such issues as contract performance, and whether significant documents would be available for trial.

With the consideration of the factors we deem appropriate for a § 1412 change of venue, we find that AM Cable has established by a preponderance that Florida is the venue best suited for the convenience of the parties.

AM Cable has demanded a jury trial. Recently, in a bankruptcy proceeding, the United States Supreme Court held a defendant is entitled to a Seventh Amendment trial by jury on a cause of action that was legal in nature despite Congress' denomination of such proceeding as a core where the defendant had not filed a proof of claim against the bankruptcy estate. *Grandfinanciera, S.A. v. Nordberg*, 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

The Seventh Amendment:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.

The legal nature of a cause of action determines whether a party is entitled to a trial by jury at common law. *See, Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732 (1830). In the case at bar, the Trustee's contract action for monetary damages against AM Cable is legal in nature. We have already determined the Trustee's action to be core because the contract was entered into post-petition by a debtor-in-possession. AM Cable has not filed a proof of claim against Debtor's bankruptcy estate. AM Cable made a timely demand for, and therefore preserved its right to, a jury trial. We determine that AM Cable has a right to a trial by jury.

We note there is a distinction between a jury demand over core matters and non-core related to matters.

With respect to non-core matters, we will not entertain a timely general demand for a trial by jury in the Bankruptcy Court under either of the following scenarios: First, in the absence of a 28 U.S.C. § 157(c)(2) consent to our jurisdiction and final determination over "non-core related" matters; or, second, despite any efforts by the parties to confer consent to our jurisdiction over non-pendant or non-ancillary "non-core non-related" matters where we are powerless to enter a final order. Our refusal to entertain a jury demand in the first situation is the exercise of our discretion to avoid a useless application of our judicial resources. Our refusal in the latter situation is the result of our lack of subject matter jurisdiction.

As Bankruptcy Judge Marro so aptly stated:

It would be an exercise in futility for the Bankruptcy Court to conduct a hearing [on a "non-core related" matter] solely for the purpose of submitting proposed findings and conclusions of law to the District Court only to have this hearing followed by a jury trial on the same issues.

*Palmisano v. Briggs (In re Northern Design, Inc.)*, 53 B.R. 25, 27 (Bkrtcy.D.Vt. 1985). *Accord, Craig v. Air Brake Controls, Inc. (In re Crabtree)*, 55 B.R. 130, 133 (Bkrtcy.E.D.Tenn.1985) ("Because, ab-

sent consent to jurisdiction of the bankruptcy court, the district court reviews de novo the proposed findings and conclusions in a non-core proceeding, a jury trial of the instant proceeding in this court would be merely advisory. A second trial by jury would be necessary in the district court if either party objects to the result proposed by this court."); *Reda, Inc. v. Harris Trust & Savings Bank (Matter of Reda, Inc.),* 60 B.R. 178, 182 (Bkrtcy.N.D.Ill.1986) ("It would be impractical and make no sense in terms of judicial economy for the bankruptcy court to hold a jury trial in a non-core proceeding [a conversion matter] where the parties have not given their consent to the bankruptcy court's exercise of jurisdiction. The likelihood of a second trial in the district court is great. The waste of time and resources in having the bankruptcy court conduct its own jury trial in such circumstances is obvious.").

Some Bankruptcy Courts hesitate to entertain jury trials over core matters unless the parties have consented. *See, Eisenberg v. Guardian Group, Inc. (In re Adams, Browning & Bates, Ltd.),* 70 B.R. 490, 498, 15 BCD 892, 16 CBC.2d 598 (Bkrtcy.E.D.N.Y.1987) ("If, however, the parties are unwilling to give their consent, then in the interest of judicial economy, this Court will take appropriate steps to have the reference withdrawn and the matter returned to the District Court for trial. It would impose an intolerable burden on the plaintiff-trustee and this Court to have this Court conduct a jury trial to verdict and judgment, only to have both upset on constitutional grounds, as appears not unlikely, requiring a full re-trial before a new jury in the district court.") *But see, United States Aviex Co., Inc. v. Aviex International, Inc. (In re United States Aviex Co., Inc.),* 96 B.R. 874, 880, 20 CBC.2d 667 (N.D.Ind.1989) ("[T]he court notes that bankruptcy judges are not prohibited from conducting jury trials except when the proceeding involves a personal injury or

wrongful death tort claim. While the court believes that the request for a jury trial indeed may be relevant in resolving a motion to withdraw reference, the court declines to dispose of the request at this time, since the ultimate trier of fact should determine whether to assemble a jury for the trial." (footnote omitted)). *Compare, Perino v. Cohen (In re Cohen),* 107 B.R. 453 (S.D.N.Y.1989) (Jury trial over a tort claim directly related to an unliquidated claim may be heard by Bankruptcy Judge.).

In the proceeding *sub judice,* AM Cable has demanded a trial by jury. The Trustee accedes to AM Cable's demand in the event such consent is determined to be necessary to sustain the Bankruptcy Court's subject matter jurisdiction. The Supreme Court has left unanswered in *Grandfinanciera, supra,* whether 28 U.S.C. § 1411 [18] permits an Article I Bankruptcy Court to *conduct* a jury trial on core matters. Our Circuit Court of Appeals, however, has squarely held there is no statutory bar or constitutional bar to a jury trial in a Bankruptcy Court over a core proceeding on a post-petition breach of contract action. *Ben Cooper, Inc. v. The Insurance Company of the State of Pennsylvania (In re Ben Cooper), supra,* 896 F.2d 1394.

Presently, there is no jury rule under Parts V *Courts and Clerks,* VII *Adversary Proceedings,* or IX *General Provisions* of the Rules of Practice and Procedure in Bankruptcy that is comparable to Federal Rules of Civil Procedure Rules 38 and 39.

F.R.Civ.P. Rule 38, *Jury Trial of Right,* provides in pertinent parts:

**(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the

---

**18.** 28 U.S.C. § 1411, *Jury trials,* provides:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

. . . . .

**(d) Waiver.** The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

. . . . .

F.R.Civ.P. Rule 39, **Trial by Jury or by the Court,** provides in pertinent parts:

**(a) By Jury.** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution of the United States.

**(b) By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

. . . . .

The Advisory Committee Note to Rules of Practice and Procedure in Bankruptcy Rule 7001 notes that Part VII Adversary Proceedings incorporates or adapts most of the Federal Rules of Civil Procedure. Neither F.R.Civ.P. Rule 38, nor 39, is incorporated or adapted in Part VII. The Advisory Committee Note to Bankruptcy Rule 7001 lists Bankruptcy Rule 9015 as the comparable rule to F.R.Civ.P. Rules 38 and 39. Bankruptcy Rule 9015 was abrogated in 1987. The Advisory Committee commented in its Note to the 1987 Amendment of former Bankruptcy Rule 9015:

Former section 1480 of title 28 preserved a right to trial by jury in any case or proceeding under title 11 in which a jury trial was provided by statute. Rule 9015 provided the procedure for jury trials in bankruptcy courts. Section 1480 was repealed. Section 1411 added by the 1984 amendments affords a jury trial only for personal injury or wrongful death claims, which 28 U.S.C. § 157(b)(5) requires be tried in the district court. Nevertheless, Rule 9015 has been cited as conferring a right to jury trial in other matters before the bankruptcy judges. In light of the clear mandate of 28 U.S.C. § 2075 that the 'rules shall not abridge, enlarge, or modify any substantive right,' Rule 9015 is abrogated. In the event the courts of appeals or the Supreme Court define a right to jury in any bankruptcy matters, a local rule in substantially the form of Rule 9015 can be adopted pending amendment of these rules.

Although we disagree with the view held by some Courts that the abrogation of Rule 9015 left the Bankruptcy Court powerless to conduct a jury trial, *see e.g., In re Mark Jay Kaufman, P.A.,* 78 B.R. 309, 311 (Bkrtcy.N.D.Fla.1987), the Bankruptcy Court's power to conduct a jury trial on the core matters in this adversary proceeding need not be decided by us today. Instead, we leave this issue to the Bankruptcy Court for the Southern District of Florida to whom we will send this proceeding.

AM Cable's Rule 12(b)(1) motion to dismiss is denied because we determine the Trustee's action for breach of a post-petition contract with a debtor-in-possession is a core proceeding over which we exercise our subject matter jurisdiction under 28 U.S.C. § 1334 and 157. AM Cable's Rule 12(b)(2) motion to dismiss is denied because we have *in personam* jurisdiction over AM Cable where Title 11 provides us with a Federal Question and AM Cable was properly served under Bankruptcy Rule 7004 and F.R.Civ.P. Rule 4(e). We will grant AM Cable's Rule 12(b)(3) venue objection and transfer the venue of this proceeding

to the Bankruptcy Court for the Southern District of Florida because we determine the exercise of § 1409(d) mandatory or § 1412 discretionary change of venue of this core proceeding is warranted. Lastly, we defer the issue of a Bankruptcy Court's power to conduct a jury trial over this core matter to the Bankruptcy Court for the Southern District of Florida because of the venue transfer. An appropriate order will be entered.

### ORDER ON MOTION TO DISMISS

The Court, having this day entered its Memorandum of Decision in the above referenced adversary proceeding, NOW ORDERS AM Cable TV Industries, Inc.'s Rule 12(b)(1) motion to dismiss is DENIED. IT IS FURTHER ORDERED AM Cable TV Industries, Inc.'s Rule 12(b)(2) motion to dismiss is DENIED. IT IS FURTHER ORDERED AM Cable TV Industries, Inc.'s Rule 12(b)(3) venue objection is GRANTED, and accordingly, IT IS ORDERED venue of the above referenced adversary proceeding is hereby TRANSFERRED to the Bankruptcy Court for the Southern District of Florida.