In the Matter of **PESTER REFINING COMPANY, Debtor.**

**Civ. No. 86–708–B.**

United States District Court, S.D. Iowa, C.D.

June 4, 1987.

John G. Fletcher, Des Moines, Iowa, and Nick J. DiGiovanni, Chicago, Ill., for Pester Refining Co.

Herschel Langdon, Richard Steffen, Des Moines, Iowa, Royse M. Parr, Gen. Counsel for Mapco, Tulsa, Okl., for Mapco Gas Products, Inc.

W. Michael Shinkle, Davenport, Iowa, for Mid–America Pipeline Co.

T. Randall Wright, Omaha, Neb., for Unsecured Creditors Committee.

F. Richard Lyford, Barbara Barrett, Des Moines, Iowa, for Burke Energy Corp.

Thomas L. Flynn, Des Moines, Iowa, for Southern Union Refining Co.

Frank L. Burnette, II, Des Moines, Iowa, for Inland Crude Purchasing Corp.

Robert Gamble, Julie McLean, Des Moines, Iowa, for The Bank Group.

## AFFIRMANCE OF BANKRUPTCY ORDER AND JUDGMENT

VIETOR, Chief Judge.

The court has before it the appeals, under 28 U.S.C. § 1334(a) and Bankruptcy Rule 8001(a), of Mapco Gas Products, Inc., Mid–America Pipeline Company and Burke Energy Corporation from a final Order and Judgment entered on Bankruptcy No. 85–340–C, Adversary Nos. 85–0203 and 85–0048, on July 9, 1986, by the United States Bankruptcy Court for the Southern District of Iowa, Judge Richard Stageman presiding, 66 B.R. 801. The appeals have been fully briefed and orally argued.

Judge Stageman's Memorandum of Decision filed with the Order and Judgment sets forth thorough and well prepared findings of fact and conclusions of law.

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013.

The issues are difficult, especially the "warehouseman" issue. However, Judge Stageman's findings of fact are not clearly erroneous, and I am satisfied that he correctly applied the law to the facts as he found them.

The Order and Judgment appealed from is affirmed.