In re TELAMARKETING
COMMUNICATIONS,
Debtor(s).

William M. BASS, Trustee, Plaintiff,

v.

Murray Barton MILLICAN and
Quoram Communications
Capital Inc., Defendants.

Bankruptcy No. 85 B 0637 C.
Adv. No. 88 J 327.

United States Bankruptcy Court,
D. Colorado.

Jan. 23, 1989.

Mark W. Williams, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for trustee/plaintiff.

Jack L. Smith, Holland & Hart, Denver, Colo., for defendants Murray Barton Millican and Quorum Communications Capital Inc.

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion to Dismiss or, in the alternative, to Abstain filed by Defendants Murray Barton Millican ("Millican") and Quorum Communications Capital, Inc. ("Quorum").

On December 19, 1988, the Court allowed Plaintiff to file an Amended Complaint. That Amended Complaint alleges that on February 8, 1985, the Debtor, Telamarketing Communications of Denver ("TMC") filed a petition under Title 11, Chapter 11, U.S.C. On April 24, 1985, TMC entered into an Asset Sale Agreement with Millican whereby TMC would sell and Millican would buy the assets of TMC. On that same date, Millican assumed management of TMC's business pursuant to the Sale Agreement. On June 6, 1985, the Sale Agreement was approved by Order of the Court. On June 6, 1985, the Sale Agreement was closed. On June 27, 1985, Millican, TMC, and others executed a Settlement Agreement. On or about October 1, 1985, Millican advised TMC that he was unable to go forward with the Sale Agreement and requested concessions in the purchase price which TMC refused. On or about September 24, 1985, Millican purportedly assigned his interest in the various documents to Quorum, and on October 3, 1985, Quorum advised TMC it was terminating the agreements. On October 18, 1985, Millican ceased operating the business of TMC. And, on June 8, 1986, the case was converted to Chapter 7, Title 11, U.S.C.

The Plaintiff has asserted seven claims for relief: Two claims for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, negligence, and promissory estoppel. Millican and Quorum

in their Motion to Dismiss assert that this Court has no subject matter jurisdiction because the matter, or matters, are not "core" proceedings under 28 U.S.C. § 157(b)(1), but are "non-core" proceedings under 28 U.S.C. § 157(c)(1). This is, in reality, a facial attack, i.e., that the allegations of jurisdiction contained in the Amended Complaint are insufficient on their face to demonstrate the existence of jurisdiction. This is opposed to a factual attack, i.e., the truth of the jurisdictional facts alleged is challenged. Therefore, all of the factual allegations of the Amended Complaint that would establish jurisdiction are presumed true. *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir. 1982); *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884 (3rd Cir.1977).

These defendants assert that because all of the claims are "State law" claims which involve no bankruptcy or federal laws, then such claims cannot be "core" matters. However, 28 U.S.C. § 157(b)(3) mandates that "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."

As Judge Clark noted in *In re Standard Metals Corporation*, 97 B.R. 593, 595, September 13, 1988:

This Court has followed a "restrictive" analysis of the term "core proceeding". The list of the 15 types of core proceedings in 28 U.S.C. § 157(b)(2) is construed narrowly in this circuit in order to fit within the constitutional purview of *Marathon. See, In re Pierce*, 44 Bankr. 601 (D.Colo.1984); *In re Illinois–California Express, Inc.*, 50 Bankr. 232 (Bankr.D. Colo.1985); *In re P & P Oilfield Equipment*, 71 Bankr. 621 (Bankr.D.Colo. 1987).

In the *Standard Metals* case, *supra*, Judge Clark found that a dispute over a *post-petition* contract with the Debtor which involved the sale of a major asset of the Debtor and provided that proceeds therefrom would be used as an integral part of the Debtor's plan of reorganization was a "core" proceeding. Judge Clark distinguished previous decisions of this Court which deemed certain *pre-petition* contract actions as "non-core" on the basis that all of those cases involved issues that could have been commenced totally independent of any bankruptcy case and that they involved rights created by state law which were independent of, and antecedent to, the reorganization petition that conferred jurisdiction upon the bankruptcy court.[1]

Here, as in *Standard Metals*, the contract in question was not only post-petition, it concerned all, or virtually all, of the assets of the Debtor—a contract other than in the ordinary course of business of the Debtor, as that expression is used in 11 U.S.C. § 363(b)(1).[2]

It is true that in *Standard Metals*, there was a confirmed plan of reorganization and here there is not. But a reading of the Asset Sale Agreement, which is attached to and made a part of the Amended Complaint, show clearly that this Sale Agreement was to be the cornerstone of a plan of reorganization. It is a distinction without a difference.

Even if this matter is not a "core" proceeding, this Court could hear and determine and enter appropriate orders and judgments in a "non-core" matter with the consent of all the parties. Defendants argue that the express provision in the Asset Sale Agreement in paragraph 23 which provides that "Exclusive jurisdiction of any matter in dispute pertaining to the terms of this Agreement and/or enforcement shall reside with the United States Bankruptcy

---

1. *See, In re Counts*, 54 B.R. 730 (Bankr.Colo. 1985); *In re Illinois–California Express, Inc., supra*, and *Zweygardt v. Colorado National Bank of Denver*, 52 B.R. 229 (Bankr.Colo.1985).

2. This Court has recently held in *Associated Grocers of Colorado, Inc. v. Tempora Corp.*, 97 B.R. 39 (Bankr.D.Colo.1988) that even "garden variety" post-petition accounts receivable actions were "core". Apparently, such was also the situation in *In re Arnold Printworks, Inc.*, 815 F.2d 165 (1st Cir. 1987). Judge Clark in *Standard Metals, supra*, specifically adopted the holding and rationale of *Arnold Printworks, supra*.

Court for the District of Colorado ..." is insufficient to constitute the "consent" under 28 U.S.C. § 157(c)(2) and Bankruptcy Rule 7012(b). I agree. But, such a provision is certainly a recognition by the parties that such disputes would be "core" matters.

Defendants argue the "black letter law" that parties cannot confer subject matter jurisdiction by consent. However, as Judge Matheson of this Court recently pointed out in *In re Kaiser Steel Corp.,* 95 B.R. 782 (Bankr.Colo.1989), Case No. 87 B 1552 E and Adversary Case Nos. 87 E 135 and 87 E 437, Jan. 16, 1989:

> However, in two more recent opinions, the Supreme Court firmly reestablished *Katchen* [*v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)] and unequivocally confirmed that, under appropriate circumstances, a party can consent to the determination of private rights by a non-Article III court, and that such consent need not be express, but can be inferred by proceeding in the lesser forum without objection. *Commodity Futures Trading Commission v. Schor,* 478 U.S. 833, 106 S.Ct. 3245 [92 L.Ed.2d 675] (1986); *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 105 S.Ct. 3325 [87 L.Ed.2d 409] (1985).

In the case at bar, the parties expressly consented in their Asset Sale Agreement to have this Court determine their "private rights" and sought, and obtained, this Court's specific approval of the Asset Sale Agreement. Indeed, in paragraph 18 of that Agreement, this Court's approval was a condition precedent.

Finally, Defendants argue that their consent, as contained in the Asset Sale Agreement, is not broad enough to cover tort claims as are alleged in the Amended Complaint. I disagree. A fair reading of Paragraph 23 compels the conclusion that the parties wanted this Court to resolve all disputes surrounding the Asset Sale Agreement, whether the issues are framed as legal or equitable, contract or tort.

Surely defendants cannot be implying that simply because some of the claims sound in tort that they are thus included in the prohibition of 28 U.S.C. § 157(b)(5). That section specifically provides that Bankruptcy Courts do not have jurisdiction to hear *personal injury* tort actions. The Amended Complaint does allege tort claims, but they do not involve personal injury.

The defendants have argued, in the alternative, that this Court should abstain from hearing this matter. When there has been a determination that a proceeding is "core" abstention would be totally unwarranted. *In re Pioneer Development Corp.,* 47 B.R. 624 (Bankr.N.D.Ill.1985). It is, therefore,

ORDERED, ADJUDGED AND DECREED that the within matter is a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).