In re **BALTIMORE MOTOR COACH CO.,** Debtor.

Timothy F. **UMBREIT,** Trustee, Plaintiff,

v.

**STUMP, HARVEY & COOK, INC.** and Pacific Employers Insurance Company, Defendants.

No. 84–BX–1820.
Adv. No. A88–0272–JS.

United States District Court, D. Maryland.

July 13, 1989.

Timothy L. Mullin, Jr., Miles & Stockbridge, Baltimore, Md., for defendant Stump, Harvey & Cook.

Patrick M. Pike, Christopher J. Heffernan, Smith, Somerville & Case, Baltimore, Md., for defendant Pacific Employers Ins. Co.

Timothy F. Umbreit, Towson, Md., trustee, pro se.

ORDER DENYING MOTION TO ABSTAIN PURSUANT TO REPORT AND RECOMMENDATION OF THE UNITED STATES BANKRUPTCY COURT

MOTZ, District Judge.

Pursuant to the provisions of Bankruptcy Rules 5011 and 9033, Local District Rule 54, and Local Bankruptcy Rule 40, and based upon the report and recommendation of the United States Bankruptcy Court in the pending matter which this Court adopts, it is

ORDERED that the motion to abstain filed by the defendant Stump, Harvey & Cook be and the same is hereby DENIED.

UNITED STATES BANKRUPTCY COURT'S REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT THAT MOTION TO ABSTAIN BE DENIED

JAMES F. SCHNEIDER, Bankruptcy Judge.

Briefly stated, the issue in this case is "In what forum must a Chapter 7 bankruptcy trustee bring suit against a noncreditor tortfeasor for tortious injury to the bankruptcy estate during the pendency of a former Chapter 11 reorganization proceeding?" The suit was filed by the trustee in the United States Bankruptcy Court for the District of Maryland at Baltimore, where the debtor's bankruptcy case was filed. A hearing was held on March 16, 1989 upon the motion to abstain [P. 5] filed by the defendant, Stump, Harvey & Cook, Inc. Based upon the following opinion prepared in accordance with Bankruptcy Rule 5011, Local District Rule 54 and Local Bankruptcy Rule 40, it is recommended that the U.S. District Court deny the defendant's motion to abstain.

FINDINGS OF FACT

1. On December 7, 1984, the Baltimore Motor Coach Company filed the instant case as a voluntary Chapter 11 bankruptcy petition. The debtor was a Maryland corporation in the business of providing bus transportation in and around the City of Baltimore since 1919. At the time of the filing of its disclosure statement [P. 122] on August 9, 1985, the debtor-in-possession owned 20 buses which it used to provide charter bus rentals. In addition, the debtor operated a daily charter service from Baltimore to various racetracks located throughout Maryland. *Disclosure Statement*, P. 22.

2. After the filing of a motion to dismiss or convert the case to a proceeding under Chapter 7 [P. 44] by the Internal Revenue Service, the case was converted to Chapter 7 by Order [P. 59] dated February 25, 1988.

3. On February 26, 1988, Timothy F. Umbreit, Esq., was appointed Chapter 7 trustee by the office of the U.S. Trustee [P. 60].

4. On April 11, 1988, this Court appointed Mr. Umbreit to serve as counsel to himself as Chapter 7 trustee by Order [P. 63].

5. On August 24, 1988, the trustee filed the instant adversary complaint against the defendants, Stump, Harvey & Cook, Inc. and Pacific Employers Insurance Company, alleging the jurisdiction of this Court to be based upon "28 U.S.C. § 147(b) in that it arises under Title 11 of the USC and this is a core proceeding in the Bankruptcy Case referenced above." *Complaint*, Paragraph 2.

6. The complaint alleges that the debtor operated an interstate bus transportation company under license No. MC67226 granted by the Interstate Commerce Commission; that the debtor was required to maintain general automobile insurance; that from August 28, 1984 through August 28, 1985, the debtor was insured by Pacific

Employers Insurance Company under Policy No. 7202; that such insurance was obtained through Stump, Harvey & Cook, Inc., which is a licensed and duly authorized agent and broker for Pacific; that in July of 1985, Pacific notified the debtor that it would not renew its policy effective August 28, 1985; that the debtor filed a complaint with the Maryland Insurance Commission, Department of Licensing and Regulation and the Commission ordered Pacific to insure the debtor in early August, 1985; that despite the order of the Commission, neither Pacific nor Stump issued a certificate of insurance; that the debtor was unable to operate interstate from August 28, 1985 to February 28, 1986 due to the defendants' failure to issue a certificate of insurance; that a certificate of insurance was issued by the defendants on February 28, 1986; that the actions of the defendants were intentional, malicious and in bad faith and as a direct and proximate result thereof the debtor suffered damages that resulted in the eventual closing of the business. *Id.*, Paragraphs 5–19.

7. On September 19, 1988, Stump, Harvey & Cook, Inc. filed the instant motion for abstention, pursuant to 28 U.S.C. § 1334(c), Bankruptcy Rule 5011 and Local Bankruptcy Rule 40(a). The motion challenges the allegation of the complaint that it "arises under title 11 of the United States Code and that this is a core proceeding." The motion alleges that this is a non-core proceeding which, at best, is related to a case under title 11. The motion alleges that this Court should abstain from hearing this adversary proceeding because it is based upon a state law claim or cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a Court of the United States absent jurisdiction under 28 U.S.C. § 1334.

8. Despite the allegation in the motion that "this can be timely adjudicated in a state forum of appropriate jurisdiction," counsel for the movant acknowledged at the hearing that if this Court abstains, the complaint could not be filed in a state court because the claim would be barred by limitations.

## CONCLUSIONS OF LAW

1. The instant complaint filed by the trustee in bankruptcy upon either a tort or contract theory against insurers for postpetition misconduct committed against a debtor while it was a debtor-in-possession under Chapter 11 protection is a core proceeding arising in a case under title 11 which bankruptcy judges may hear and determine. The statutory authorization for this view is found among the provisions of section 157 of the Judicial Code (28 U.S.C.).[1]

2. "Section 157(b)(2) does not set categorical limits on the jurisdiction of bankruptcy courts over core proceedings, but rather merely enumerates examples of proceedings falling within a bankruptcy court's core proceeding jurisdiction. That Congress did not intend to limit bankruptcy courts' jurisdiction over core proceedings by enumerating examples of core proceedings in § 157(b)(2) is apparent from the prefatory language of § 157(b)(2): 'Core matters include, *but are not limited to* ...' (emphasis added). 28 U.S.C.A. § 157(b)(2) (West Supp.1987). Thus, in construing a bankruptcy court's jurisdiction over a particular action pursuant to § 157(b)(1), the crucial consideration is not whether the action falls within one of the clauses of § 157(b)(2), but rather whether the action is or is not in fact a core proceed-

---

1. Section 157. Procedures.

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate[.]

28 U.S.C. § 157(a), (b)(1), (b)(2)(A) (Supp. V 1987).

ing ..." *In re Mankin*, 823 F.2d 1296, 1300 (9th Cir.1987) *cert. denied,* — U.S. —, 108 S.Ct. 1468, 99 L.Ed.2d 698 (1988) (holding that a bankruptcy trustee's action to set aside a fraudulent conveyance under either Federal or state law is a core proceeding).

3. "Arguments arise as to whether dealing with a trustee or debtor in possession gives rise to a core proceeding as opposed to a 'related' matter. It was held under the former Bankruptcy Act that such dealings constituted consent to the summary jurisdiction of the bankruptcy court to resolve controversies arising therefrom. Such cases have arisen under the 1984 legislation.

"By way of illustration, a conflict exists in cases decided under the 1984 legislation with respect to whether an action brought on a postpetition account receivable is a related or 'core' matter. The better result is that the proceeding is core; such a cause of action 'arises in' the title 11 case, and was not owned by the debtor at the time the title 11 case was commenced." 1 *Collier on Bankruptcy,* ¶ 3.01[2][b][iv] (15th ed. 1988).

4. In the recent case of *In the Matter of O'Sullivan's Fuel Oil Co., Inc.,* 88 B.R. 17 (D.Conn.1988), a district court held that a lawsuit filed in the bankruptcy court by a Chapter 7 trustee against a bank alleging postpetition tortious interference with the

debtor's business was a core proceeding arising in a case under title 11.[2]

5. The movant's memorandum did not substantially address the possibility that this might be a matter "arising *in* a case under title 11:"

Second, this is a case "related to" a case under title 11, rather than a case "under" or "arising in" a case under title 11. The adversary proceeding is obviously not a case "under" title 11, since it is not a bankruptcy proceeding itself. Moreover, the case is not one "arising under" a case under title 11, since it does not contain any claim under a provision of title 11. *See* 1 *Collier on Bankruptcy,* ¶ 3.01[1][c][iii], at 3–23 to 3–25.

Thus, by exclusion, if jurisdiction exists at all in this case, it must be a case "related to" a title 11 proceeding. "Related to" cases have been described as civil proceedings that could have been brought in a district court or state court in the absence of bankruptcy. *Id.,* ¶ 3.01[1][c][iv] at 3–26. Since this case bears no relation to any law other than state law, it can only be a "related to" case.

*Memorandum* [P. 6] at 2–3.

6. The motion for abstention is correct in its assertion that the complaint "is based upon a state law claim or cause of action." *Id.* This allegation was admitted by the trustee.

---

2. In the course of its opinion which incorporated the bankruptcy judge's recommendation, the court stated:

The great majority of courts that have considered the issue have ruled that postpetition proceedings, where no cause of action existed on the date of filing of the petition, are core proceedings because they arose "in a case." *See, e.g., In re Arnold Print Works, Inc.,* 815 F.2d [165] at 168 [1st Cir.1987] (a debtor in possession's action to recover an account receivable arising out of a postpetition contract is a core proceeding because it is a matter "concerning the administration of the estate" (§ 157(b)(2)(A)) and a proceeding "affecting the liquidation of the assets of the estate" (§ 157(b)(2)(O)); *Pester Refining Co. v. MAPCO Gas Products (In re Pester Refining Co.),* 66 B.R. 801, 817–18 (Bankr.S.D.Iowa 1986) (postpetition action by debtor in possession against

prepetition creditor who converted property postpetition is core proceeding), *aff'd on other grounds,* 85 B.R. 520 (S.D.Iowa 1987), *aff'd in part on other grounds and rev'd in part on other grounds,* 845 F.2d 1476 (8th Cir.1988); *J.B. Van Sciver Co. v. William Cooper Assoc. (In re J.B. Van Sciver Co.),* 73 B.R. 838, 843–44 (Bankr.E.D.Pa.1987) (debtor in possession's action for breach of postpetition real estate sales contract entered into with court approval is a core proceeding); *Sywilok v. Estee Lauder, Inc. (In re Epi–Scan, Inc.),* 71 B.R. 975, 978–80 (Bankr.D.N.J.1987) (action to collect postpetition account receivable is a core proceeding because it arises in case and was not owned by debtor when case commenced); 1 L. King, *Collier on Bankruptcy* ¶ 3.01, at 3–48 (15th ed. 1988) ("The better result is that the [postpetition account receivable] proceeding is core....")

*Id.* at 20.

7. However, the "determination that a proceeding is not a core proceeding shall *not* be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3) (Supp. V 1987).

■ 8. The movant seeks mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), which provides:

(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, in a State forum of appropriate jurisdiction. Any decision to abstain is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

28 U.S.C. § 1334(c)(2) (Supp. V 1987).

9. • Mandatory abstention is not proper in the present context where the cause of action is a core proceeding arising in a case under Title 11, where no action has yet been commenced in a state court and where limitations bar the filing of the action in a state court, thereby precluding any possibility of adjudication, timely or otherwise.

■ 10. Alternatively, the movant requests permissive abstention pursuant to 28 U.S.C. § 1334(c)(1), which provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (Supp. V 1987).

11. This Court cannot imagine an act more inimical to the interest of justice than the permissive granting of the motion for abstention. Such an act would absolutely prevent the trustee from filing suit because of the bar of limitations (which defense the movant has not offered to waive). Thus, to abstain will neither further the interests of justice nor of comity nor respect for state law.

12. This Court expresses no opinion on the merits of the complaint, except to point out that the jurisdictional statement set forth in the complaint is technically flawed in citing "28 U.S.C. § 147(b)" instead of 28 U.S.C. § 157(b). This error may be easily corrected by a simple amendment. Any decision as to the legal sufficiency of the complaint must be reserved for another occasion. In the meantime, the motion to abstain ought to be denied.

A recommended order is annexed for execution by a U.S. District Judge in accordance with this opinion.