In re AGRI–CONCRETE PRODUCTS,
INC., Debtor.

AGRI–CONCRETE PRODUCTS,
INC., Plaintiff,

v.

FABCOR, INC., and Mount Pocono
Municipal Authority,
Defendants.

Bankruptcy No. 5–90–01355.
Adv. No. 5–91–0134.

United States Bankruptcy Court,
M.D. Pennsylvania.

April 7, 1993.

Joseph F. Saporito, Jr., Pittston, PA, and
Mark C. Walsh, Scranton, PA, for debt-
or/plaintiff.

James Doherty, Scranton, PA, for Fab-
cor, Inc., defendant.

Edward Reily, Pocono Summit, PA, for
Mt. Pocono Mun. Authority, defendant.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a Motion of the De-
fendant, Fabcor, Inc., (hereinafter "Fab-
cor"), requesting a determination that the
subject matter of the Complaint initiating
this proceeding is a non-core related pro-
ceeding pursuant to 28 U.S.C. § 157 and
thereby subject to abstention pursuant to
28 U.S.C. § 1334(c)(1) and a further Motion
of the co-Defendant, Mount Pocono Munici-
pal Authority, (hereinafter "Mt. Pocono"),
under Rule 12(b) of the Federal Rules of
Civil Procedure, which Mt. Pocono has re-
quested this Court treat as a Motion for
Summary Judgment under Rule 56. For

the reasons provided herein, both Motions are **DENIED**.

The Court will first address the Motion filed by Mt. Pocono. Mt. Pocono filed an answer to the Complaint substantially denying all of its allegations. Thereafter, it filed a Motion captioned "Motion for Removal of a Party" indicating that it should be removed as a party to the action because of a "misjoinder of the Mount Pocono Municipal Authority". In its Brief in support, Mt. Pocono indicates that while it is made in accordance with Federal Rule of Civil Procedure 12(b), the Motion should be treated as one for summary judgment in accordance with Federal Rule of Civil Procedure 56(b).

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the Affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In the case of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), we find the following:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." Citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Mt. Pocono's Brief indicates that the grounds for the Motion for Summary Judgment are that two of the three Counts do not make allegations against Mt. Pocono and, therefore, those Counts should be dismissed. Mt. Pocono also argues that the Complaint does not set out the requirements to prove discrimination by Mt. Pocono, vis a vis, the Debtor. The Brief provides, at page 4, that "to state a cause of action in discrimination for which a claim will stand, it must follow that the actor had knowledge of the party's position and the discriminating act took place based on said knowledge. In the instant case, not only is there a failure to allege a specific discriminating act by the Defendant, Mount Pocono Municipal Authority, there is also the failure to state the Defendant, Mount Pocono Municipal Authority, had direct knowledge of Debtor/Plaintiff's position or should have had such knowledge." Also, page 4 of Mt. Pocono's Brief provides that "it has never been directly approached in any manner by the Debtor/Plaintiff with respect to his financial condition, nor did any member of the Authority Board have direct knowledge of Debtor/Plaintiff's Bankruptcy action until the filing of this present action." Paragraph 12 of Mt. Pocono's answer, however, indicates that "in September of 1991, when informed by co-Defendant, Fabcor, Inc., of Debtor/Plaintiff's bankruptcy position, the Mount Pocono Municipal Authority requested additional suretyship as the project is using public funds to build a public facility." Mt. Pocono also argues lack of privity with the Debtor. It argues that there was "no direct contact in any manner whatsoever with the Debtor/Plaintiff or any other subcontractor thus far on the project". See Brief in Support of Motion to Dismiss at page 3. Mt. Pocono then proceeds to indicate that "Mount Pocono Municipal Authority's only requirements levied on any sub-contractor are those normally required in all construction projects wherein public funds are used". *Id.* at page 3 and 4. These contradictory allegations, together with the pleadings and supporting documentation, have not convinced this Court that the nonmoving party (Debt-

or) cannot make a sufficient showing on any essential elements of its case and, in particular, the discriminatory treatment prohibited by the Bankruptcy Code. See *Celotex Corp. v. Catrett,* supra and *Anderson v. Liberty Lobby, Inc.,* supra.

■ The Court now proceeds with the other argument concerning the misjoinder of Mt. Pocono because two of the three Counts do not contain allegations against Mt. Pocono and the third Count only contains a "sole and general accusation of a claim of joint discrimination". The Court finds that, at best, the Complaint is unartfully pled. 2A Moore's Federal Practice at ¶ 8.13, page 8–54, et seq., provides as follows:

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief".

Rule 8(e)(1) commands that each averment in a pleading "shall be simple, concise, and direct." No pleading of "facts," "ultimate facts," or "facts sufficient to constitute a cause of action" is required. Failure to observe these principles may result in dismissal of the pleading, but an opportunity to amend should usually be provided.

What constitutes a "short and plain statement" depends upon the circumstances of the case. For example, a complaint to recover on a note can be stated in half a page; whereas complex matters such as securities or antitrust violations may entail more particularity. However, the general principles of Rule 8 apply regardless of the type of action. While some courts, and some sets of circumstances, may require more specificity than others, good practice demands that counsel always adhere to the commands of Rule 8 that the statement of claim be "short and plain" and "simple, concise and direct." This principle holds even where the Rules command particularity, as in the pleading of fraud under Rule 9(b).

The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.

The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required.

The message of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that the Rules only require a short and plain statement that will give the defendant fair notice of the claim has been followed by the majority of courts.

Consequently, based upon the foregoing standards for Motion for Summary Judgment and Notice pleading under the Federal Rules of Civil Procedure in addition to an analysis of the Motion filed by Mt. Pocono under Federal Rule of Civil Procedure 12(b) and the supporting documents and briefs filed therewith, this Court has determined that the Complaint in this matter survives the instant Motion for Summary Judgment and that this matter should proceed to Trial. The Court further finds that Mt. Pocono can and has already had sufficient notice of the facts and allegations surrounding the Complaint and that it has more than enough information to form an answer and proper defense.

■ The next issue for resolution concerns the Motion by the Defendant, Fabcor, to determine whether or not the subject matter of the instant Complaint is a core or non-core proceeding and whether or not this Court should abstain.

Fabcor's argument is that this adversary proceeding "is a traditional breach of contract action arising under state law". Additionally, Fabcor argues that there is no basis for federal jurisdiction other than the intervention of a petition for relief and that resolution of the issues in this matter does not require the application of federal bankruptcy law. With these considerations in mind, the Court must, upon a finding of a non-core related proceeding, abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1). In support of

these arguments, Fabcor directs our attention to the non-exclusive list of matters that are core in 28 U.S.C. § 157(b)(2) and the dictates of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). When read together, Fabcor asserts that this Court must find that the instant adversary action is a non-core related proceeding.

The Plaintiff responds that § 157(b)(2)(A) provides that core proceedings are not limited only to matters concerning the administration of the estate and that because resolution of certain types of litigation are often essential to sound administration of the estate, that subsection weighs in favor of finding that a breach of contract action should be a core proceeding heard by this Court. Additionally, Plaintiff directs our attention to § 157(b)(2)(O) which permits a bankruptcy judge to enter final orders in "proceedings effecting the liquidation of the assets of the estate or the adjustment of the Debtor–Creditor or the equity security holder relationship". Its most compelling argument is that the Debtor's entire reorganization plan is currently contingent upon the success of the post-petition breach of contract action. In short, the "breach of contract claim is the cornerstone of the present Chapter Eleven reorganization case". Plaintiffs Brief at p. 8.

While both parties have done an excellent job briefing and arguing this issue, the Court finds that the instant action for breach of contract is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) and, consequently, the Court will also deny the portion of the Motion requesting that the Court abstain from hearing the instant adversary.

The issue of whether or not breach of contract actions are core or non-core proceedings has received much attention by the Courts. Furthermore, a review of the Circuit case law reveals a split of authority concerning the analysis of contract actions arising post-petition or pre-petition and their relationship to the bankruptcy estate and whether these proceedings are core or non-core.

The case of *In Re Ben Cooper Inc.*, 896 F.2d 1394 (2nd Cir.1990), cert. granted, 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990) provides a review of the position of the Circuit Courts concerning these issues. After a brief discussion concerning the impact of 11 U.S.C. § 301 and the significance of the filing of the petition creating an estate for bankruptcy purposes, we find the following at page 1399:

The First Circuit, in *Arnold Print Works*, supra, recently held that post-petition contract claims are core. *Arnold Print Works* [, 815 F.2d 165 (1st Cir.1987) ] observed that, historically, trustees and debtors-in-possession (Cooper's status) have been viewed for various purposes as officers of the bankruptcy court. 815 F.2d at 169–70. Post-petition contracts with the debtor-in-possession, therefore, are integral to the estate administration from the date they are entered into. *Id.; In re Baker & Getty Financial Servs. Inc.*, 88 B.R. 137, 139–40 (Bankr.N.D.Ohio 1988); *In re Franklin Computer Corp.*, 60 B.R. 795, 800–01 (Bankr.E.D.Pa.1986). We find the reasoning of *Arnold Print Works* especially persuasive in light of the facts of the instant appeal: the Georgia facility was an asset of the estate; Cooper's reorganization plan promised adequate insurance for the estate assets; the bankruptcy court's confirmation of the plan was premised on adequate insurance; and appellees were aware that they were dealing with a debtor-in-possession and that the subject matter of the policy was an asset of the estate. *Cf. In re Mike Burns Inn, Inc.*, 70 B.R. 863 (Bankr.D.Mass.1987) (post-petition claim on insurance policy acquired post-petition is core); *In re Heaven Sent, Ltd.*, 50 B.R. 636 (Bankr.E.D.Pa.1985) (action to maintain insurance is core). It is difficult to conceive of a claim, at least one arising outside of the substantive law of bankruptcy, that would be more intrinsic to estate administration.

We hold, therefore, that the bankruptcy court has core jurisdiction, pursuant to § 157(b)(2)(A), over contract claims under state law when the contract was en-

tered into post-petition. The adjudication of such claims is an essential part of administering the estate. We read *Marathon* to apply to claims arising *pre-petition*, and decline to apply that ruling to claims involving contracts entered into post-petition. Similarly, we distinguish those lower court cases cited by appellees that, relying on *Marathon*, hold pre-petition claims to be non-core. E.g., *In re Pied Piper Casuals, Inc.*, 65 B.R. 780 (S.D.N.Y.1986); *In re Blue Point Carpet, Inc.*, 86 B.R. 327 (Bankr.E.D.N.Y. 1988); *Acolyte Electric Corp. v. City of New York*, 69 B.R. 155 (Bankr.E.D.N.Y. 1986), aff'd, No. 86–0329 [1987 WL 47763] (E.D.N.Y.1987).

The Court also draws attention to the other Circuits that have different views of this issue. Those Circuits and cases are *In re Castlerock Properties,* 781 F.2d 159 (9th Cir.1986) and *In re Wood,* 825 F.2d 90 (5th Cir.1987). Both Courts found that contract actions do not fall within the specific category of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B) through (N).

Our Third Circuit has dealt with a similar issue in the case of *Beard v. Braunstein,* 914 F.2d 434 (3rd Cir.1990), in which the Court found that there was no core jurisdiction in a proceeding brought by the Trustee to recover pre-petition and post-petition rents under a commercial lease in which the Debtor-tenant had entered into prior to the filing of the bankruptcy proceeding. The Court, at page 445, wrote "We conclude that this action, involving pre-petition contracts, allegedly breached both before and after the filing of the petition, is entirely a non-core matter related to a case arising under Title 11. We are not presented with and thus do not decide whether a claim for the breach of a post-petition contract, or a claim only for the post-petition breach of a contract entered into pre-petition, are core matters."

The Court in *Eastern Electric Sales Co., Inc. v. General Electric Co.,* 94 B.R. 348 (E.D.Pa.1989), a case involving an action initiated to collect accounts receivable arising post-petition, followed the dictates of *In re Arnold Print Works, Inc.,* supra.

This Court finds that the better and more pragmatic approach and the one that gives the most meaning to the statutory authority for core jurisdiction found at 28 U.S.C. § 157 is to follow *In re Ben Cooper,* supra, and those cases cited therein holding that actions for breach of contracts entered into post-petition are core proceedings.

Consequently, based upon the foregoing, Fabcor's Motion to find that the instant matter is a non-core related matter and to abstain from hearing this adversary proceeding is **DENIED.**

Trial is hereby set for *Tuesday, June 22, 1993 at 10:00 o'clock A.M.* in Courtroom No. 1, Federal Building, 197 South Main Street, Wilkes–Barre, Pennsylvania.

**IT IS SO ORDERED.**