**In the Matter of MIDLAND MECHAN-ICAL CONTRACTORS, INC., Debt-or.**

**Richard D. ELLENBERG as Trustee of Midland Mechanical Contractors, Inc., Plaintiff,**

v.

**R.J. GRIFFIN & COMPANY, Defendant.**

**Bankruptcy No. A93–62925–WHD.**
**Adv. No. 95–6809A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 28, 1996.

Louis G. McBryan, Ellenberg & Associates, P.C., Atlanta, Georgia, for Plaintiff.

W. Henry Parkman, Griffin, Cochrane & Marshall, P.C., Atlanta, Georgia, for Defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter comes before the Court on the Motion to Determine Non–Core Nature of Proceeding submitted by R.J. Griffin & Company (hereinafter "the Creditor"). The Creditor's motion arises from an adversary proceeding commenced by Midland Mechanical Contractors, Inc. (hereinafter "the Debtor") to recover approximately $140,-000.00 allegedly due under a post-petition, pre-conversion contract between itself and the Creditor. Disposition of the instant motion itself forms a matter within the jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(3), and it shall be accomplished in accordance with the following reasoning.

### DISCUSSION

■ Like all federal tribunals, bankruptcy courts find their authority confined by certain jurisdictional limitations, *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992). Indeed, as a consequence of these parameters, bankruptcy courts "must be alert to avoid overstepping their limited grants of jurisdiction." *McCorkle v. First Pa. Banking & Trust Co.*, 459 F.2d 243, 244 n. 1 (4th Cir.1972). Subject matter jurisdiction may be questioned at any stage of a proceeding, by either party or by the Court on its own initiative. *Id.* at 244–45 n. 1; *see also* 28 U.S.C. § 157(b)(3). Additionally, when jurisdictional questions do arise, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (citations omitted).

■ As a prerequisite to acquiring valid subject matter jurisdiction, federal courts must be vested with statutory as well as constitutional authority to hear the underlying controversy. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 495–95, 103 S.Ct. 1962, 1972, 76 L.Ed.2d 81 (1983); *Nat'l. Mut. Ins. Co. v. Tidewater Transfer Co., Inc.*, 337 U.S. 582, 613–14, 69 S.Ct. 1173, 1188–89, 93 L.Ed. 1556 (1949) (Rutledge, J., concur-

ring). From a statutory perspective, bankruptcy jurisdiction begins with the district courts and a statutory premise that they "shall have original and exclusive jurisdiction of all cases under title 11." *Id.;* 28 U.S.C. § 1334(a). This reference to "cases under title 11," however, merely refers to the disposition of bankruptcy petitions themselves. *In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261, 264 (3d Cir.1991). Section 1334, therefore, goes on to make further provision for the adjudication of adversary complaints in bankruptcy by adding, "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). Through these cooperative provisions, section 1334 consequently provides the district courts with blanket jurisdiction over bankruptcy cases, as well as all the power to hear all controversies "arising under," "arising in," or "related to" any such bankruptcy case. *Id.*

▉▉▉▉ District courts, in turn, may refer all "cases under title 11," and actions that "arise under," "arise in," or "relate to" a case under the Bankruptcy Code to the bankruptcy courts. 28 U.S.C. § 157(a). Notwithstanding such statutory power of referral,[1] however, constitutional concerns related to the delegation of cases to non-Article III judges present a separate source of jurisdictional limitation. *See Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Thus, under the currently amended version of the Code, bankruptcy courts are empowered to "hear and determine," and thus issue dispositive orders in, "all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). By contrast, in order to accommodate the constitutional limits set forth by the *Marathon* decision, bankruptcy courts are not permitted to issue dispositive orders in non-core proceedings that merely relate to a case under title 11, unless the parties involved in the proceeding have given their consent. *Id.* at § 157(c). Thus, it stands as a matter of great consequence whether a controversy arises in or under Title 11, rather than simply being "related to" a Title 11 case. *See* 3 DAVID G. EPSTEIN ET AL., BANKRUPTCY § 12–2, at 203 (1992) ("core proceedings" are those which either arise in or arise under a Title 11 case).

**I.**

▉▉▉▉ As a general rule, state law actions for the breach of a pre-petition contract will not give rise to a core proceeding in bankruptcy. *Marathon,* 458 U.S. at 90, 102 S.Ct. at 2881; *Beard v. Braunstein,* 914 F.2d 434, 443 (3d Cir.1990). Simply because a proceeding presents certain questions of state law, however, does not necessitate an immediate conclusion that it qualifies as "non-core" or otherwise beyond the jurisdiction of the bankruptcy courts. *See* 28 U.S.C. § 157(b)(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."). To the contrary, a proceeding which involves questions of state law still may fall within the Court's "core" jurisdiction if it also implicates matters integral to the administration or liquidation of the debtor's estate. 28 U.S.C. § 157(b)(2)(A) & (O); *see also* 1 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 3.01 n. 111 (15th ed. 1996). In particular, actions arising from the breach of a post-petition contract may give rise to a core proceeding where the reorganizational nature of the underlying bankruptcy case makes the disposition of the adversary complaint relevant to the administration of the main case. *See, e.g., Olympia & York Fla. Equity Corp. v. Bank of New York (In re Holywell Corp.),* 913 F.2d 873, 881 (11th Cir.1990); *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.),* 815 F.2d 165, 168 (1st Cir.1987) (a post-petition receivable is an asset of the bankruptcy estate, and accordingly, any effort to collect such a receivable presents a matter which is central to the estate's administration).

---

1. The District Court for the Northern District of Georgia has referred all three types of proceedings to the bankruptcy courts through an order of reference dated July 12, 1984.

■ By the same token, such logic will not lend itself to justify bankruptcy jurisdiction over the post-petition contracts of a generic Chapter 7 debtor. As this Circuit recently observed when faced with such a case:

> The [Chapter 7 debtor's] claims against the Bank for intentional interference with the sale of their house falls outside even the broad sweep of section 1334(b) related-to jurisdiction. The Boones fail to proffer any effect that the outcome of the tortious interference claim could have on the bankruptcy estate. The conduct giving rise to the claim occurred after the petition in bankruptcy, and therefore the cause of action is not property of the estate. *See* 11 U.S.C. 541(a). Accordingly, any damages would belong solely to the Boones. Moreover, because the Boones sought liquidation under Chapter 7 rather than reorganization under Chapter 11 or 13, the financial boon provided by any damage award would not affect their compliance with a reorganization plan. *Cf. Celotex Corp. [v. Edwards,* — U.S. —, —, 115 S.Ct. 1493, 1500, 131 L.Ed.2d 403 (1995) ] (observing that bankruptcy jurisdiction may be broader in reorganization cases that in liquidation).

*Community Bank of Homestead v. Boone (In re Boone),* 52 F.3d 958, 960 (11th Cir. 1995). Thus, in the hands of a Chapter 7 debtor, a post-petition contract or receivable simply will not provide the jurisdictional

foundation that it might generate in the course of a reorganization case.

## II.

■ Turning, therefore, to the case at hand, one might conclude that the *Boone* rationale demands that this proceeding, as the product of a Chapter 7 case, should not fall within the Court's "core" jurisdiction. The Court notes, however, that one key fact serves to distinguish the case before it from that which faced the *Boone* court. Here, the Debtor entered into the subject contract after filing a Chapter 11 petition, but before its case had been converted to a Chapter 7 proceeding.[2] Given the post-petition, pre-conversion nature of their agreement, the parties appear to concede that any and all proceeds coming to the Debtor as a consequence of this contract will in fact constitute property of the bankruptcy estate for the purposes of Code section 541.[3] Thus, in contrast to the circumstances attending the *Boone* decision, the disposition of the current adversary will have a direct impact upon the quantum and quality of the liquidation made to Chapter 7 creditors. Indeed, given the estate's rightful claim to any proceeds of the adversary proceeding, this case falls more in the realm of *Arnold Print Works* and its progeny, wherein the "relation to the judicial administration of the bankrupt's estate" was found to present a "critical constitutional difference" from cases such as *Marathon* and the jurisdictional flaws found therein. *See*

2. On February 25, 1993, the Debtor filed a voluntary Chapter 11 petition. Acting as Debtor-in-Possession, the Debtor then proceeded to negotiate an agreement with the Creditor, executing a formal contract on October 14, 1993. Subsequently, on July 11, 1995, the Court ordered the Debtor's case converted to one of liquidation under Chapter 7 of the Bankruptcy Code.

3. Code section 348 provides that "[c]onversion of a case ... does not effect a change in the date of filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). Thus, property rights obtained by debtor in an individual capacity between the filing of the Chapter 11 petition and an ultimate decision to convert frequently will not form part of any resulting liquidation estate. *See,* 11 U.S.C. 541(a) (directing that estate shall be created as of the commencement of the case); *see also Casey v. Hochman,* 963 F.2d 1347, 1350–51 (10th Cir.1992) (profits from invention created by indi-

vidual debtor between filing and conversion not estate property); *Koch v. Myrvold,* 784 F.2d 862, 863 (8th Cir.1986) (pre-conversion inheritance of individual debtor not estate property). The instant case stands distinguishable, however, since the Debtor entered into the contract at issue in his capacity as debtor in possession, thereby making the contract itself an asset of the bankruptcy estate. *See* 11 U.S.C. 541(a)(7) (deeming the bankruptcy estate to include "any interest in property that the estate acquires after the commencement of the case"); *see also Umbreit v. Stump, Harvey & Cook, Inc. (In re Baltimore Motor Coach Co.),* 103 B.R. 103, 105 (D.Md. 1989) (contract or tort theory complaint filed by Chapter 7 Trustee against insurers for post-petition misconduct in dealing with debtor before case's conversion found to constitute a core proceeding); *Kepler v. Independence Bank of Madison (In re Ford),* 61 B.R. 913, 916–18 (Bankr. W.D.Wis.1986) (proceeds of post-petition contract held to be estate property).

*Arnold Print Works,* 815 F.2d at 165–66; *see also In re Ben Cooper, Inc.,* 896 F.2d 1394, 1400 (2d Cir.1990), vacated and remanded on other grounds, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), reinstated, 924 F.2d 36 (2d Cir.1991), cert. denied, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991); *LTV Aerospace and Defense Ind. v. Thomson–CSF, S.A. (In re Chateaugay Corp.),* 186 B.R. 561, 593 (Bankr.S.D.N.Y.1995); *Carabetta Enter., Inc. v. City of Asbury Park (In re Carabetta Enter., Inc.),* 162 B.R. 399, 404–05 (Bankr.D.Conn.1993); *Agri–Concrete Prods., Inc. v. Fabcor, Inc. (In re Agri–Concrete Prods., Inc.),* 153 B.R. 673, 675–677 (Bankr.M.D.Pa.1993). Given the impact which its disposition will have upon the distribution to creditors in the Debtor's bankruptcy case, the Court accordingly finds the action before it to constitute a core proceeding within the meaning of 28 U.S.C. § 157(b).

## CONCLUSION

The Court having entertained the arguments of counsel and having given the question its careful consideration, it stands established that the instant adversary proceeding forms a matter within the Court's core jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). As such, it hereby is **ORDERED** that the Motion to Determine Non–Core Nature of Proceeding by R.J. Griffin & Company is **DENIED.**

**IT IS SO ORDERED.**