In re HATCHRITE CORPORATION,
Debtor.

HATCHRITE CORPORATION, Plaintiff,

v.

CHESTERFIELD FINANCIAL
CORPORATION,
Defendant.

Bankruptcy No. 96–71950.
Adversary No. 97–7010.

United States Bankruptcy Court,
E.D. Oklahoma.

June 30, 1997.

Betty Williams, Muskogee, OR, for Plaintiff.

Gary McDonald, Tulsa, OR, for Defendant.

### ORDER DENYING MOTION
### TO DISMISS

TOM R. CORNISH, Bankruptcy Judge.

On the 30th day of April, 1997, the Motion to Set Aside Judgment filed by the Plaintiff; Objection by the Defendant; Defendant's Motion to Dismiss and Request for Abstention; and, Objection by the Debtor came on for hearing. Counsel appearing were Betty Williams for the Plaintiff and Gary McDonald for the Defendant. After hearing arguments presented, this Court does hereby enter the following findings and conclusions

in conformity with Rule 7052, Fed.R.Bankr. P., in this core proceeding:

The Defendant filed a Motion to Dismiss and Request for Abstention on March 5, 1997 The deadline for filing objections was on March 25, 1997. The Plaintiff did not file a response by March 25,1997 and the proposed order submitted by the Defendant was entered. The Plaintiff's response was filed on March 26, 1997 after the Order had been entered.

■■■ Counsel for the Plaintiff represented that instead of faxing a response to the Court on March 25, 1997, her office mailed the response. Consequently, the Order was entered prior to the filing of the response. The Plaintiff seeks to set aside the Order pursuant to Fed.R.Civ.P.60 (b)(1). Rule 9024, Fed.R.Bankr.P., incorporates Fed. R.Civ.P. 60(b)(1). Rule 60(b)(1) provides that relief from an Order may be granted for mistake, inadvertence, surprise or excusable neglect. A blameless party should not be disadvantaged by errors or neglect of its attorney's duties. *United States v. Moradi*, 673 F.2d 725 (4th Cir.1982). The Court believes that inadvertence and mistake on behalf of the Plaintiff's counsel's office caused the response to be mailed instead of faxed to the Court. As a result, the Court will vacate its previous Order dismissing the Complaint.

Since the Order dismissing the case has been set aside, the Motion to Dismiss and Request for Abstention must be addressed. The Plaintiff has filed this adversary proceeding alleging:

(1) Defendant violated the automatic stay by claiming a setoff with post-petition funds;

(2) Defendant is holding $31,700, which is property of the estate;

(3) Defendant breached its contract with the Plaintiff; and

(4) Defendant converted Plaintiff's funds.

■■■ The pivotal issue is whether this Court has jurisdiction over this case. The Defendant alleges that this Court lacks subject matter jurisdiction and personal jurisdiction. Four categories of proceedings which are within the district court's jurisdiction are: (1) cases under title 11; (2) civil proceedings arising under title 11; (3) civil proceedings which arise in a case under title 11; and (4) civil proceedings related to a case under title 11. *Hughes–Bechtol, Inc. v. Construction Management, Inc. (In re Hughes–Bechtol, Inc.)*, 132 B.R. 339 (Bankr.S.D.Ohio 1991), *aff'd* 144 B.R. 755 (S.D.Ohio 1992). Pursuant to § 157(a), the district court may provide that any or all cases under title 11 or all proceedings arising under title 11 be referred to the Bankruptcy Court. The bankruptcy cases in this district have been referred to the bankruptcy court by General Order No. 2 dated July 27, 1984. A bankruptcy judge may hear core and non-core proceedings that are related to a case under title 11. 28 U.S.C. § 157(c)(1) and (2). The distinction is whether the court can enter a final order in the case. If the action is a core proceeding, the judge may enter a final order; however, if the proceeding is non-core, the bankruptcy judge must submit proposed findings and conclusions to the district court. 28 U.S.C. § 157(c).

The Defendant bases its argument that this Court lacks subject matter jurisdiction on the United Supreme Court case, *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Court in *Marathon* stated:

Indeed, the case before us, which centers upon appellant Northern's claim for damages for breach of contract and misrepresentation, involves a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court. Accordingly, Congress' authority to control the manner in which that right is adjudicated, through assignment of historically judicial functions to a non–Art. III 'adjunct,' plainly must be deemed at a minimum.

*Id.* at 84, 102 S.Ct. at 2878. The contract at issue in the *Marathon* case was a pre-petition contract. Courts have determined that post-petition contracts do not raise the *Marathon* issue. *Agri–Concrete Prods. v. Fabcor, Inc. (In re Agri–Concrete Prods.)*, 153 B.R. 673, 676 (Bankr.M.D.Pa.1993); *Treadway v. United Bank & Trust Co. (In re Treadway)*, 117 B.R. 76, 82 (Bankr.D.Vt.

1990); *Lipshie v. AM Cable TV Indus., Inc. (In re Geauga Trenching Corp.)*, 110 B.R. 638, 645 (Bankr.E.D.N.Y.1990).

▮▮▮▮ The Bankruptcy Court is granted authority to determine all cases under title 11 and all core proceedings under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b)(1). A "core proceeding" is not defined in the Bankruptcy Code; however, § 157(b)(2) provides a list of examples of core proceedings. A matter cannot be deemed non-core merely because its resolution is controlled by state law. 28 U.S.C. § 157(b)(3). "The majority of courts have held a party's post-petition contract dispute with a debtor-in-possession is a core matter under 28 U.S.C. §§ 157(b)(2)(A) 'matters concerning the administration of the estate,' (b)(2)(E) 'orders to turn over property of the estate,' or (b)(2)(O) 'other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor. . . .' " *General American Communications Corp. v. Landsell (In re General American Communications Corp.)*, 130 B.R. 136, 155 (S.D.N.Y. 1991) (citations omitted); *see also Ben Cooper, Inc. v. the Ins. Co. of State of Pennsylvania (In re Ben Cooper, Inc.)*, 896 F.2d 1394 (2d Cir.1990) (post-petition contract with chapter 11 debtor-in-possession is a core proceeding); *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.)*, 815 F.2d 165, 168 (1st Cir.1987) (debtor-in-possession's action to collect post-petition account receivables is a core proceeding); *Bass v. Millican (In re Telemarketing Communications)*, 95 B.R. 794 (Bankr.D.Colo.1989) (chapter 11 debtor's damage action which arose out of a post-petition contract for the sale of assets is a core proceeding); *In re Standard Metals Corp.*, 97 B.R. 593, 596 (Bankr.D.Colo.1988) (post-petition dispute over sale of major asset to find debtor's plan of reorganization is a core proceeding). In the instant case, the Defendant concedes in its Motion that these claims arose post-petition. This Court, therefore, finds that these causes of actions are core proceedings affecting the administration of the estate. This adversary proceeding arose out of the post-petition administrative activities of the debtor-in-possession.

▮▮▮▮ The next issue is whether this Court has *in personam* jurisdiction over the Defendant. "[T]he Bankruptcy Court has in personam jurisdiction over nonresident Defendants because these adversary proceedings arise under the laws of the United States." *General American* at 160. The minimum contact test had no relevance because § 1334 provided it with federal question jurisdiction. *Id.* Since this is a core proceeding, federal question jurisdiction is invoked. The Defendant makes no argument that it was not properly served under Rule 7004, Fed.R.Bankr.P. Once it has been shown that the Defendant has been properly served and that the Defendant resides in the United States, the bankruptcy court may exercise jurisdiction over that Defendant. *Lipshie* at 649. The Defendant was served by certified mail return receipt requested as provided for in Rule 7004. No one alleges that the Defendant is not U.S. corporation. Therefore, the Motion to Dismiss should be denied.

▮▮▮▮ The Defendant, alternatively, asks for this Court to abstain from hearing the case. Abstention deals with whether the Bankruptcy Court should exercise its jurisdiction, not whether the Bankruptcy Court has jurisdiction in the first instance. *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 708 (2d Cir.1995). In order for mandatory abstention to apply, the court must look to the following factors:

(1) A party in a proceeding must make a timely motion for abstention by the court.

(2) The adversary proceeding must be "based upon state law claim or state law cause of action."

(3) The adversary proceeding must be "related to" the title 11 case but must not "arise under" the title 11 or "arise in" the title 11 case.

(4) The adversary proceeding must be one which could not have been commenced "in a court of the United States absent jurisdiction under this section [ 1334]".

(5) An action must have been commenced and is pending in a state forum of appropriate jurisdiction.

(6) The pending state court action must be one that "can be timely adjudicated" in that forum.

*Sywilok v. Estee Lauder, Inc. (In re Epi-Scan, Inc.),* 71 B.R. 975, 980 (Bankr.D.N.J.1987)(*quoting Allied Mechanical & Plumbing Corp. v. Dynamic Hostels Housing Dev. Fund Co.,* 62 B.R. 873, 877–78 (Bankr.S.D.N.Y.1986)(*quoting § 1334(c)(2)*)). In the instant case, the adversary proceeding arises under title 11 and there has been no state court action commenced. Mandatory abstention is not applicable upon a finding that one or more of the element of § 1334(c)(2) is absent. *Id. (citations omitted).*

 In determining whether to abstain from exercising its jurisdiction pursuant to the discretionary abstention provision, the Bankruptcy Court should consider the following factors:

(1) effect of abstention on the efficient administration of the bankruptcy estate;

(2) extent to which state law issues dominate;

(3) difficulty or unsettled nature of applicable law;

(4) presence of related state court proceeding;

(5) existence of alternate federal jurisdictional basis;

(6) relatedness or remoteness of proceeding to main bankruptcy case;

(7) substance rather than the form of asserted "core" proceeding;

(8) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;

(9) burden on bankruptcy court's docket;

(10) likelihood that commencement of proceeding in bankruptcy court involves forum shopping by one of the parties, and,

(11) presence in proceeding of nondebtor parties.

*In re Chicago, Milwaukee, St. Paul & Pacific R. Co.,* 6 F.3d 1184 (7th Cir.1993). When analyzing the factors above, the Court does not believe abstention is warranted. This adversary proceeding arose under title 11 and is a core proceeding. While the proceeding has state law issues involved, the issues are not novel or complicated. Furthermore, there is no state court action pending at this time and the action involves no nondebtor parties. Although this Court is extremely busy, that factor alone will not require the Court to abstain.

IT IS THEREFORE ORDERED that the Motion to Dismiss and Request for Abstention is **denied**.